Exhibit "A"

**WEISBERG LAW**
David A. Berlin, Esquire
PA Attorney Id. No. 314400
Matthew B. Weisberg, Esquire
PA Attorney Id. No. 85570
7 South Morton Ave.
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax

**SCHAFKOPF LAW**
Gary Schafkopf, Esquire
PA Attorney ID. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19044
(610) 664-5200 (ext. 104)
Fax: (888) 283-1334
*Attorneys for Plaintiffs*

Filed and Attested by the
Office of Judicial Records
21 JUN 2021 02:53 pm
S. RICE

|  |  |  |
|---|---|---|
| **MICHAEL RAVEN**<br>P.O. Box 292,<br>Conneautville, PA 16406 | : | PHILADELPHIA COUNTY COURT OF<br>COMMON PLEAS |
|  | : |  |
| and | : | No. |
|  | : |  |
| **LOYOLA ENERGY, LLC**<br>P.O. Box 292,<br>Conneautville, PA 16406 | : | **JURY TRIAL OF TWELVE (12)**<br>**JURORS DEMANDED** |
|  | : |  |
| and | : |  |
|  | : |  |
| **THE R DESCENDANTS TRUST**<br>P.O. Box 292,<br>Conneautville, PA 16406 | : |  |
|  | : |  |
| **Plaintiffs,** | : |  |
| **v.** | : |  |
|  | : |  |
| **MICHAEL SCHREINER AND**<br>**BRENDA SCHREINER**<br>180 Oakcreek Drive,<br>Sedona, AZ 86351 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| **BRENCO OIL, INC.** | : |  |

180 Oakcreek Drive,
Sedona, AZ 86351

and

**LARRY ELKUS, ESQUIRE**
d/b/a **LAWRENCE M. ELKUS, P.C.**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**LAW OFFICES OF**
**LAWRENCE M. ELKUS, P.C.**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**LANCASTER EXPLORATION AND**
**DEVELOPMENT CO., LLC**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**ROCKHALL ROYALTY COMPANY,**
**LLC**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**DAVID T. BUELE, CPA**
213 Market N, Suite 240,
Canton, OH 44702

and

**APPALACHIAN BASIN CPA'S, INC.**
213 Market N,
Canton, OH 44702

and

**CHRIS BANIK**

1515 Hyde Park $3,
Houston, TX 77006

and

**CHEYENNE OIL GAS AND MINERALS,
LLC**
1515 Hyde Park $3,
Houston, TX 77006

and

**THUNDERBIRD GLOBAL**
3431 Commerce Parkway, Suite D,
Wooster, OH 44691

and

**CHIEF EXPLORATION AND
DEVELOPMENT**
1720 Sycamore Road.
Montoursville, PA 17754

and

**CHASE ENERGY GROUP, LLC**
7611 Pickett Lane,
Columbus, OH 43234

and

**MIDDLE RUN DEVELOPMENT, INC.**
8888 Darner Road,
Lisbon, OH 44432

and

**MIDDLE RUN DEVELOPMENT, LTD.**
8888 Darner Road,
Lisbon, OH 44432

and

**MIDDLE RUN INVESTMENTS, LLC**
P.O. Box 65,
Columbiana, OH 44408

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case ID: 210601332

|  | :: |  |
|---|---|---|
| and | : | |
| | : | |
| **LUTHER R. THOMPSON** | : | |
| P.O. Box 65, | : | |
| Columbiana, OH 44408 | : | |
| | : | |
| and | : | |
| | : | |
| **SCHREINER OIL AND GAS** | : | |
| 1500 Market Ave N, Suite 2, | : | |
| Canton, OH 44714 | : | |
| | : | |
| and | : | |
| | : | |
| **CAS ENERGY, LLC** | : | |
| 8737 E. San Vincente Dr. | : | |
| Scottsdale, AZ 85258 | : | |
| | : | |
| and | : | |
| | : | |
| **INFINITE STRENGTH, LLC** | : | |
| 8425 N. 90th St. Suite 3 | : | |
| Scottsdale, AZ 85258 | : | |
| **Defendants.** | : | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons against the above-named Defendants in the above

captioned matter.

Respectfully Submitted,

| WEISBERG LAW | SCHAFKOPF LAW LLC |
|---|---|
| BY: */s/ David Berlin* | BY: _____ |
| David Berlin, Esquire | Gary Schafkopf, Esquire |
| Matthew B. Weisberg, Esquire | |
| *Attorneys for Plaintiff* | |

DATED: June 21, 2021

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
21 JUN 2021 12:43 pm

Michael Raven and  Loyola Energy LLC and The R Descendants Trust
_____
*Plaintiff*

vs.

_____
Michael Schreiner, Brenda Schreiner, et al
*Defendant*

COURT OF COMMON PLEAS

:
:            _____Term, 20_____
:
:
:            No._____
:
:
:

To[1]

Michael Schreiner
_____
Brenda Schreiner
_____
See Additional Page for Additional Defendants

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Michael Raven and  Loyola Energy LLC and The R Descendants Trust
_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

210601332
21 JUN 2021 12:43 pm
S. RICE

10-208 (Rev. 6/14

_____
[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 210601332

Case ID: 210601332

# Court of Common Pleas

_____ Term, 20 _____

No. _____

Michael Raven and Loyola Energy LLC and The R Descendants Trust
_____
*Plaintiff*

vs.

Michael Schreiner, Brenda Schreiner
_____
*Defendant*

# SUMMONS

**BRENCO OIL, INC.**
180 Oakcreek Drive,
Sedona, AZ 86351

Filed and Attested by the
Office of Judicial Records
21 JUN 2021 12:43 pm
S. RICE

and

**LARRY ELKUS, ESQUIRE**
d/b/a **LAWRENCE M. ELKUS, P.C.**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**LAW OFFICES OF
LAWRENCE M. ELKUS, P.C.**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**LANCASTER EXPLORATION AND DEVELOPMENT CO., LLC**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**ROCKHALL ROYALTY COMPANY, LLC**
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

and

**DAVID T. BUELE, CPA**
213 Market N, Suite 240,
Canton, OH 44702

and

**APPALACHIAN BASIN CPA'S, INC.**
213 Market N,
Canton, OH 44702

and

**CHRIS BANIK**
1515 Hyde Park $3,

Houston, TX 77006

and

**CHEYENNE OIL GAS AND MINERALS, LLC**
1515 Hyde Park $3,
Houston, TX 77006

and

**THUNDERBIRD GLOBAL**
3431 Commerce Parkway, Suite D,
Wooster, OH 44691

and

**CHIEF EXPLORATION AND DEVELOPMENT**
1720 Sycamore Road.
Montoursville, PA 17754

and

**CHASE ENERGY GROUP, LLC**
7611 Pickett Lane,
Columbus, OH 43234

and

**MIDDLE RUN DEVELOPMENT, INC.**
8888 Darner Road,
Lisbon, OH 44432

and

**MIDDLE RUN DEVELOPMENT, LTD.**
8888 Darner Road,
Lisbon, OH 44432

and

**MIDDLE RUN INVESTMENTS, LLC**
P.O. Box 65,
Columbiana, OH 44408

and

**LUTHER R. THOMPSON**
P.O. Box 65,
Columbiana, OH 44408

and

**SCHREINER OIL AND GAS**
1500 Market Ave N, Suite 2,
Canton, OH 44714

and

**CAS ENERGY, LLC**
8737 E. San Vincente Dr.
Scottsdale, AZ 85258

and

**INFINITE STRENGTH, LLC**
8425 N. 90th St. Suite 3
Scottsdale, AZ 85258

Case ID: 210601332

Exhibit "B"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2021**

E-Filing Number: 2106038862

**001332**

| | |
|---|---|
| PLAINTIFF'S NAME<br>MICHAEL RAVEN | DEFENDANT'S NAME<br>MICHAEL SCHREINER |
| PLAINTIFF'S ADDRESS<br>PO BOX 292<br>CONNEAUTVILLE PA 16406 | DEFENDANT'S ADDRESS<br>180 OAKCREEK DRIVE<br>SEDONA AZ 86351 |
| PLAINTIFF'S NAME<br>LOYOLA ENERGY LLC | DEFENDANT'S NAME<br>BRENDA SCHREINER |
| PLAINTIFF'S ADDRESS<br>PO BOX 292<br>CONNEAUTVILLE PA 16406 | DEFENDANT'S ADDRESS<br>180 OAKCREEK DRIVE<br>SEDONA AZ 86351 |
| PLAINTIFF'S NAME<br>THE R DESCENDANTS TRUST | DEFENDANT'S NAME<br>BRENCO OIL INC |
| PLAINTIFF'S ADDRESS<br>PO BOX 292<br>CONNEAUTVILLE PA 16406 | DEFENDANT'S ADDRESS<br>180 OAKCREEK DRIVE<br>SEDONA AZ 86351 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 21 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

Z2 - MISC SUMMONS

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JUN **21** 2021

**S. RICE**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES     NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHAEL RAVEN , LOYOLA ENERGY LLC ,</u>
<u>THE R DESCENDANTS TRUST</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>GARY SCHAFKOPF | ADDRESS<br>SCHAFKOPF LAW LLC<br>11 BALA AVENUE<br>BALA CYNWYD PA 19004 |
|---|---|
| PHONE NUMBER<br>(610)664-5200 | FAX NUMBER<br>(888)283-1334 | |
| SUPREME COURT IDENTIFICATION NO.<br>83362 | E-MAIL ADDRESS<br>gschafkopf@gmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>GARY SCHAFKOPF | DATE SUBMITTED<br>Monday, June 21, 2021, 12:43 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

```
1. MICHAEL SCHREINER
     180 OAKCREEK DRIVE
     SEDONA AZ 86351
2. BRENDA SCHREINER
     180 OAKCREEK DRIVE
     SEDONA AZ 86351
3. BRENCO OIL INC
     180 OAKCREEK DRIVE
     SEDONA AZ 86351
4. LARRY ELKUS
     ALIAS: LAWRENCE M. ELKUS P.C.
     30833 NORTHWESTERN HWY #204
     FARMINGTON MI 48334
5. LAW OFFICES OF LAWRENCE M. ELKUS P.C.
     30833 NORTHWESTERN HWY #204
     FARMINGTON MI 48334
6. LANCASTER EXPLORATION AND DEVELOPMENT CO., LLC
     30833 NORTHWESTERN HWY #204
     FARMINGTON MI 48334
7. ROCKHALL ROYALTY COMPANY LLC
     30833 NORTHWESTERN HWY #204
     FARMINGTON MI 48334
8. DAVID T.. BUELE
     213 MARKET NORTH SUITE 240
     CANTON OH 44702
9. APPALACHIAN BASIN CPA'S INC
     213 MARKET NORTH SUITE 240
     CANTON  OH 44702
10. CHRIS BANIK
     1515 HYDE PARK #3
     HOUSTON TX 77006
11. CHEYENNE OIL GAS AND MINERALS LLC
     1515 HYDE PARK #3
     HOUSTON TX 77006
12. THUNDERBIRD GLOBAL
     3431 COMMERCE PARKWAY SUITE D
     WOOSTER OH 44691
13. CHIEF EXPLORATION AND DEVELOPMENT
     1720 SYCAMORE ROAD
     MONTOURSVILLE PA 17754
14. CHASE ENERGY GROUP LLC
     7611 PICKETT LANE
     COLUMBUS  OH 43234
15. MIDDLE RUN DEVELOPMENT INC
     8888 DARNER RD
     LISBON OH 44432
16. MIDDLE RUN DEVELOPMENT LTD
     8888 DARNER RD
     LISBON OH 44432
17. MIDDLE RUN INVESTMENTS LLC
     PO BOX 65
     COLUMBIANA OH 44408
18. LUTHER R. THOMPSON
     PO BOX 65
     COLUMBIANA OH 44408
19. SCHREINER OIL AND GAS
     1500 MARKET AVE N SUITE 2
     CANTON OH 44714
20. CAS ENTERGY LLC
     8737 E. SAN VINCENTE DRIVE
     SCOTTSDALE  AZ 85258
21. INFINITE STRENGTH LLC
     8425 N 90TH STREET SUITE 3
```

SCOTTSDALE  AZ 85258

Exhibit "C"

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiffs



Filed and Attested by the
Office of Judicial Records
09 AUG 2021 11:50 am
C. JONES

| | | |
|---|---|---|
| MICHAEL RAVEN, et al | : | |
| | : | PHILADELPHIA COUNTY COURT |
| Plaintiffs | : | OF COMMON PLEAS |
| v. | : | |
| | : | No. 210601332 |
| MICHAEL AND BREND SCHREINER et al | : | |
| Defendants | : | |
| | : | JURY TRIAL OF TWELVE (12) |
| | : | JURORS DEMANDED |

## AFFIDAVIT OF SERVICE

I, Gary Schafkopf, Esquire, hereby certify that a Copy of the Writ of Summons was served upon the following defendant respectfully: Larry Elkus, Esq via Certified Mail Return Receipt: 7019 2280 0001 6113 8494 on July 3, 2021 at 30833 Northwestern Hwy #204 Farmington Hill MI 48334

Proof of service is attached hereto (See Exhibit A).

SCHAFKOPF LAW, LLC

BY: /s/ Gary Schafkopf
GARY SCHAFKOPF, ESQ.
Attorney for Plaintiff



Filed and Attested by the
Office of Judicial Records
09 JUN 2021 11:30 am
C. JONES

# EXHIBIT A

Case ID: 210601332

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lorry ElKu, Gq
30833 Northwestern Hwy
#204
Farmington Hills, MI 48334

9590 9402 5494 9249 9418 75

2. Article Number (Transfer from service label)

7019 2280 0001 6113 8494

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CG 34l1
☐ Agent
☐ Addressee

B. Received by (Printed Name)
+ WADE
C. Date of Delivery
7.3.2l

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Case ID: 210601332

Exhibit "D"

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiffs



Filed and Attested by the
Office of Judicial Records
16 JUL 2021 03:28 pm
M. RUSSO

| MICHAEL RAVEN, et al | : | |
|---|---|---|
| | : | PHILADELPHIA COUNTY COURT |
| Plaintiffs | : | OF COMMON PLEAS |
| v. | : | |
| | : | No. 210601332 |
| MICHAEL AND BREND SCHREINER et al | : | |
| Defendants | : | |
| | : | JURY TRIAL OF TWELVE (12) |
| | : | JURORS DEMANDED |

## AFFIDAVIT OF SERVICE

I, Gary Schafkopf, Esquire, hereby certify that a Copy of the Writ of Summons was

served upon the following defendant respectfully: Law Offices of Lawrence M. Elkus via

Certified Mail Return Receipt: 7019 2280 0001 6113 8487 on July 12, 2021 at 30833

Northwestern Highway #204 Farmington Hills Michigan 48334

Proof of service is attached hereto (See Exhibit A).

SCHAFKOPF LAW, LLC


BY: /s/ Gary Schafkopf
GARY SCHAFKOPF, ESQ.
Attorney for Plaintiff

Exhibit "E"

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC.**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
03 FEB 2022 01:59 pm
D. IMPERATO

| | | |
|---|---|---|
| **MICHAEL RAVEN**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br>:<br>:<br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| And | :<br>: | Docket No.: 210601332 |
| **LOYOLA ENERGY, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | :<br>:<br>:<br>:<br>: | |
| And | :<br>: | |
| **ELLICOTT, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | :<br>:<br>:<br>:<br>: | |
| Plaintiffs,<br>v. | :<br>:<br>:<br>: | |
| **MICHAEL AND BRENDA SCHREINER**<br>Individually & as Married Couple<br>180 Oakcreek Drive<br>Sedona, AZ 86351 | :<br>:<br>:<br>:<br>: | **JURY TRIAL OF TWELVE (12)**<br>**JURORS DEMANDED.** |
| And | :<br>: | |
| **BRENCO OIL, INC.**<br>Individually & as Married Couple<br>180 Oakcreek Drive<br>Sedona, AZ 86351 | :<br>:<br>:<br>:<br>: | |
| And | :<br>: | |
| **LARRY ELKUS, ESQ. d/b/a**<br>**LAW OFFICE OF LAWRENCE**<br>**M. ELKUS, P.C.** | :<br>:<br>: | |

1

Case ID: 210601332

30833 Northwestern Hwy., Ste. 204            :
Farmington Hills, MI 48334                   :
                                             :
          And                                :
                                             :
**LAW OFFICE OF LAWRENCE**                   :
**M. ELKUS, P.C.**                           :
30833 Northwestern Hwy., Ste. 204            :
Farmington Hills, MI 48334                   :
                                             :
          And                                :
                                             :
**LANCASTER EXPLORATION AND**                :
**DEVELOPMENT CO., LLC**                     :
30833 Northwestern Hwy., Ste. 204            :
Farmington Hills, MI 48334                   :
                                             :
          And                                :
                                             :
**DAVID T. BUELE, C.P.A. d/b/a**             :
**APPALACHIAN BASIN CPA'S, INC.**            :
213 Market N., Ste. 240                      :
Canton, OH 44702                             :
                                             :
          And                                :
                                             :
**APPALACHIAN BASIN CPA'S, INC.**            :
213 Market N., Ste. 240                      :
Canton, OH 44702                             :
                                             :
          And                                :
                                             :
**CHIEF EXPLORATION AND**                    :
**DEVELOPMENT**                              :
1720 Sycamore Road.                          :
Montoursville, PA 17754                      :
                                             :
          Defendants.                        :

## NOTICE TO DEFEND

| NOTICE | AVISO |
| --- | --- |
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la |

2

Case ID: 210601332

| | |
|---|---|
| after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br><br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO. |

Philadelphia Bar Association
Lawyer Reference and Information Service
1101 Market St, Philadelphia, PA 19107
215-238-6333

3

Case ID: 210601332

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **MICHAEL RAVEN** | : | PHILADELPHIA COUNTY |
| P.O. Box 1368 | : | COURT OF COMMON PLEAS |
| Washington, PA 15301 | : | |
| | : | |
| And | : | Docket No.: 210601332 |
| | : | |
| **LOYOLA ENERGY, LLC** | : | |
| P.O. Box 1368 | : | |
| Washington, PA 15301 | : | |
| | : | |
| And | : | |
| | : | |
| **ELLICOTT, LLC** | : | |
| P.O. Box 1368 | : | |
| Washington, PA 15301 | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **MICHAEL AND BRENDA SCHREINER** | : | **JURY TRIAL OF TWELVE (12)** |
| Individually & as Married Couple | : | **JURORS DEMANDED.** |
| 180 Oakcreek Drive | : | |
| Sedona, AZ 86351 | : | |
| | : | |
| And | : | |
| | : | |
| **BRENCO OIL, INC.** | : | |
| Individually & as Married Couple | : | |
| 180 Oakcreek Drive | : | |
| Sedona, AZ 86351 | : | |
| | : | |
| And | : | |
| | : | |
| **LARRY ELKUS, ESQ. d/b/a** | : | |
| **LAW OFFICE OF LAWRENCE** | : | |
| **M. ELKUS, P.C.** | : | |

4

Case ID: 210601332

30833 Northwestern Hwy., Ste. 204          :
Farmington Hills, MI 48334                 :
                                           :
     And                                        :
                                           :
**LAW OFFICE OF LAWRENCE**                 :
**M. ELKUS, P.C.**                         :
30833 Northwestern Hwy., Ste. 204          :
Farmington Hills, MI 48334                 :
                                           :
     And                                        :
                                           :
**LANCASTER EXPLORATION AND**              :
**DEVELOPMENT CO., LLC**                   :
30833 Northwestern Hwy., Ste. 204          :
Farmington Hills, MI 48334                 :
                                           :
     And                                        :
                                           :
**DAVID T. BUELE, C.P.A. d/b/a**           :
**APPALACHIAN BASIN CPA'S, INC.**          :
213 Market N., Ste. 240                    :
Canton, OH 44702                           :
                                           :
     And                                        :
                                           :
**APPALACHIAN BASIN CPA'S, INC.**          :
213 Market N., Ste. 240                    :
Canton, OH 44702                           :
                                           :
     And                                        :
                                           :
**CHIEF EXPLORATION AND**                  :
**DEVELOPMENT**                            :
1720 Sycamore Road.                        :
Montoursville, PA 17754                    :
                                           :
          Defendants.                    :

## CIVIL ACTION COMPLAINT

**I.**    **PARTIES, JURISDICTION & VENUE**

1.    Plaintiff, Michael Raven, is an adult individual residing at the above-captioned address.

2.    Plaintiff, Loyola Energy, LLC, is a limited liability company existing by virtue of and

5

Case ID: 210601332

operating under the laws of the State of Texas, with a primary place of business at the above-captioned address.

3.       Plaintiff, Ellicott, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Texas, with a primary place of business at the above-captioned address.

4.       Defendants, Michael and Brenda Schreiner, are adult individuals and a married couple, residing at the above-captioned address.

5.       Defendant, Brenco Oil, Inc., is an incorporated business existing by virtue of and operating under the laws of the State of Arizona, with a primary place of business at the above-captioned address.

6.       Defendant, Larry Elkus, Esquire doing business as the Law Offices of Lawrence M. Elkus, P.C., is an adult individual and an attorney licensed to practice law, with a primary place of business at the above-captioned address.

7.       Defendant, Law Offices of Lawrence M. Elkus, P.C., is professional corporation and law firm existing by virtue of and operating under the laws of the State of Michigan, with a primary place of business at the above-captioned address.

8.       Defendant, Lancaster Explorations and Development Co., LLC is a limited liability company existing by virtue of and operating under the laws of the State of Michigan, with a primary place of business at the above-captioned address.

9.       Defendant, David T. Buele, C.P.A. doing business as Appalachian Basin CPA's, Inc., is an adult individual and certified public accountant, with a primary place of business at the above-captioned address.

10.      Defendant, Appalachian Basin CPA's, Inc., is an incorporated business existing by virtue

Case ID: 210601332

of and operating under the laws of the State of Ohio, with a primary place of business at the above-captioned address.

11.     Defendant, Chief Exploration and Development, is an incorporated business existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address.

## II.     OPERATIVE FACTS

### BACKGROUND

12.     Beginning in or about 2009, Plaintiff, Michael Raven, who has worked in Oil & Gas as a Landman and Abstractor since 2004, began examining title as to a group of mineral reservations in Pennsylvania that were thought to be subject to a title issue known as "Title Washing."

13.     In early 2010, while examining title to and marketing such interests on behalf of certain non-parties, Plaintiff, Michael Raven met Defendants, Michael Schreiner and Lawrence Elkus; both of whom were and continue to be involved in businesses involving oil, gas and mineral ("OGM") rights, including Defendants, Brenco Oil, Inc. and Lancaster Explorations and Development Co., LLC, respectively.

14.     Beginning in or around February 2010, Plaintiff, Michael Raven and Defendant, Michael Schreiner entered into a business agreement whereby they agreed to share equally in the net proceeds of certain transactions OGM rights, largely in Pennsylvania (the "Business Arrangement").

15.     The Business Arrangement involved the identification of OGM rights and then acquiring the rights for subsequent lease, sale, or other commercial exploitation. The parties originally agreed that the mineral rights would be titled in a new entity that would be structured as a Pennsylvania limited liability partnership; the net proceeds would then be equally distributed to

7

Defendant, Michael Schreiner, and to Plaintiff.

16.     However, the new Pennsylvania limited liability partnership was never formed and due to what Defendant, Michael Schreiner described as drafting mistakes by his attorney, certain deeds were titled in the name Defendant, Brenco Oil, Inc. rather than jointly in the names of the parties' respective entities.

17.     As a result, on or about December 30, 2011, Plaintiff, Michael Raven and Defendant, Michael Schreiner implemented a new agreement that provided that: (i) Plaintiff, Michael Raven and Defendant, Michael Schreiner would equally share in the net profits and ownership of any OGM rights they acquired; (ii) that all OGM rights that Plaintiff, Michael Raven and/or Defendant, Michael Schreiner acquired would be titled in the name of Defendant, Brenco Oil, Inc.; and, (iii) Plaintiff, Michael Raven would become a one-half of owner of Defendant, Brenco Oil, Inc.

18.     While Defendant, Brenda Schreiner was designated to act as the President of Defendant, Brenco Oil, Inc., Defendant, Michael Schreiner acted as a de facto President of Defendant, Brenco Oil, Inc. by managing and exercising control over Defendant, Brenco Oil, Inc.'s day to day affairs and finances. Defendants, Michael Schreiner, and Brenda Schreiner told Plaintiff, Michael Raven that Defendant, Brenda Schreiner was designated to act as the President of Defendant, Brenco Oil, Inc. due to an ongoing lawsuit against Non-Party, Schreiner Oil, of which Defendant, Michael Schreiner was the owner-operator.

19.     In or around 2012, Defendant, Michael Schreiner introduced Plaintiff, Michael Raven to Defendant, David Beule, who advised and assisted Plaintiff, Michael Raven on to the formation of Plaintiff, Loyola Energy LLC and on the formation of a trust entity.

20.     In 2012, the first significant revenue from Plaintiff, Michael Raven and Defendant,

8

Case ID: 210601332

Michael Schreiner business affairs began, with payments being split between Plaintiff, Michael Raven and Defendant, Michael Schreiner, through the respective entities, i.e., through Plaintiff, Loyola Energy, Inc. and Defendant, Brenco Oil, Inc., respectively.

21.     However, starting in or about May 2013, funds from another project – Hill – began to be paid directly to Brenco; Defendants, Michael Schreiner, and Brenda Schreiner only paid approximately 40-60% of the payments due to Plaintiffs on the Hill Project and deceived Plaintiffs into believing that the partial payments were complete payments as Plaintiff, Michael Raven did not receive complete access to Defendant, Brenco Oil, Inc.'s financial records and bank accounts until in or around 2017.

22.     In or around April 2014, Defendants, Michael Schreiner, and Brenda Schreiner, finally issued Plaintiff, Michael Raven the stock certificates in Defendant, Brenco Oil, Inc., as well as filing the appropriate documentation with the State identifying Plaintiff, Michael Raven as a shareholder and officer.

23.     Similarly, Defendants, Michael Schreiner and Brenda Schreiner represented to Plaintiffs that the Ohio Projects had not been profitable; when in fact the Ohio Projects were profitable and Defendants, Michael Schreiner and Brenda Schreiner hid the funds from Plaintiffs.

24.     In or around Summer 2016, after numerous demands for same, Plaintiff, Michael Raven obtained a limited set of financial records from Defendant, Brenco Oil, Inc., via an apparently accidental emailing; however, he did not receive full access until in or around mid-2017.

25.     In or around Summer 2016, Plaintiff also learned that Defendants, Michael Schreiner and Brenda Schreiner had engaged third parties in various new entities involving various OGM rights in violation of their Business Arrangement.; i.e., that Defendants, Michael Schreiner and Brenda Schreiner were directly competing with Plaintiff, Michael Raven and Defendant, Brenco Oil, Inc.

9

Case ID: 210601332

26.     Upon review of the financial records of Defendant, Brenco Oil, Inc., Plaintiff became significantly concerned as the financial records indicated that Defendants, Michael Schreiner, and Brenda Schreiner were making significantly greater distributions to themselves than Plaintiff, Michael Raven.

27.     Upon confrontation in or around May 2017, Defendants, Michael Schreiner, and Brenda Schreiner (i) stopped all further distributions to Plaintiff, Michael Raven; (ii) closed Defendant, Brenco Oil, Inc.'s bank accounts and transferred the funds into new accounts; and (iii) took other steps to establish further control over Defendant, Brenco Oil, Inc. – all to conceal their malfeasance. Ultimately, litigation followed.

### DEFENDANT ELKUS' INVOLVEMENT

28.     In 2012, Defendant, Lawrence Elkus formed a joint venture business relationship with Brenco, as to OGMs he had acquired interests in from the Proctor and Hill families. Raven performed title abstracting for Brenco and Elkus's benefit, in exchange for genealogical and other information and a noncompete with Elkus/Lancaster. A 2012 suit against Brenco and Lancaster alleged Schreiner was buying out people who were not true Hill heirs. Elkus helped defend it, saying the suit was meritless; Raven thus continued to invest money and work into Brenco. But in fact, what the suit alleged was true.

29.     In 2016, Brenco was threatened with suit by Texans to whom it had sold the Hill OGMs, as Schreiner had paid many people for Hill minerals who were not actually Hill heirs, then sold these invalid interests from Brenco to the Texas securities dealers, while the true owners were being acquired by another LLC represented by the same attorney Schreiner and Elkus were working with on behalf of Brenco;

30.     Beginning in or around April 2017, Defendant, Michael Schreiner advised Plaintiff,

10

Case ID: 210601332

Michael Raven that Defendant, Elkus, had volunteered to represent them and Defendant, Brenco Oil, Inc. as counsel in the Texas lawsuit ("The Texas Action") over the Hill project, which Defendant, Elkus had been involved in. Defendant, Elkus initially represented Raven as well as Defendant, Michael Schreiner and Defendant, Brenco Oil, Inc. Defendant, Brenco Oil, Inc. paid Defendant, Elkus a total of approximately $107,000 in 2017 and approximately $128,232 in 2018. Further, Defendant, Brenco Oil, Inc. caused Defendant, Elkus to be paid an $75,000 from the settlement proceeds in a suit against the attorney involved in the Hill acquisition (the "Pennsylvania Action"), in which Elkus allowed dismissal of claims Raven sought to investigate as to how the other LLC came to acquire the true Hill OGM interests.

31. During the Texas Action, Defendant, Elkus had represented Plaintiff, Michael Raven but was secretly negotiating with Defendants, Michael Schreiner, and Brenda Schreiner without represented Plaintiff, Michael Raven's knowledge or involvement. Defendant, Elkus had reportedly signed a retainer agreement with Defendants, Michael Schreiner, and Brenda Schreiner on behalf of Defendant, Brenco Oil, Inc. without Plaintiff, Michael Raven's knowledge, despite Plaintiff, Michael Raven being half owner and officer.

32. Defendant, Elkus, through Lancaster, had acquired a 50-70% Fee Simple Determinable Interest in the OGM rights that Defendant, Brenco Oil, Inc. was purchasing, and despite the noncompete, was involved in acquiring further interests secretly. At all material times, Defendant, Elkus had a clear conflict of interest with respect to Defendant, Brenco Oil, Inc.'s business dealings as Elkus were a potential adversarial party, which caused Plaintiff, Michael Raven to object to continued representation.

33. In cooperation with Defendants, Michael Schreiner, and Brenda Schreiner, Defendant-Attorney Elkus created an after-the-fact paper trail to conceal Defendants, Michael Schreiner,

11

Case ID: 210601332

and Brenda Schreiner's malfeasance.

34.     In 2017, Defendant, Elkus created corporate bylaws for Defendant, Brenco Oil, Inc., which Defendant, Elkus backdated to the inception of Defendant, Brenco Oil, Inc. One such purpose was to create a provision that a meeting of shareholders could only be called by someone holding 51% of the stock or 40% of the board of directors. This was for the purpose of preventing Plaintiff, Michael Raven from having the standing to object to Defendant, Elkus' continued representation.

35.     In 2017, Defendant, Elkus then created documents purporting to appoint Defendants, Michael Schreiner, and Brenda Schreiner as Board Members in an effort to exclude Plaintiff, Michael Raven from participating in the management of Defendant, Brenco Oil, Inc, of which Plaintiff, Michael Raven was a 50% owner.

36.     Further, Defendant, Elkus drafted a "Corporate Resolution", which he dated July 19, 2017; the effect of which was an attempt to "prove" that Plaintiff only became a shareholder of Defendant, Brenco Oil, Inc. in April 2014.

37.     In exchange for his wrongdoing, Defendant, Brenco Oil, Inc. through Defendants, Michael Schreiner and Brenda Schreiner, aided Defendant, Elkus' pursuit of a certain project that Defendant, Brenco Oil, Inc. was previously pursuing by providing Defendant, Elkus access to intellectual property developed by Plaintiff, Michael Raven on behalf of Defendant, Brenco Oil, Inc. and Plaintiff, Loyola Energy, Inc. and by not competing with Elkus and Chief through Defendant, Brenco Oil, Inc.

38.     Further, in 2017, Defendant, Elkus drafted two employment contracts between Defendant, Brenco Oil, Inc. and Defendant, Michael Schreiner, both backdated, in an effort to justify excessive distributions paid to Defendant, Michael Schreiner.

Case ID: 210601332

**INTERIM SETTLEMENT AND STANDSTILL AGREEMENT**

39.    In 2018, in retaliation for the lawsuit filed by Plaintiffs against the Schreiners, the

Schreiners' business partner, non-party Chris Banik, filed a frivolous suit against Raven and his

parents, who had loaned money to Raven to start Brenco's projects and were in poor health.

Defendants had also begun sending confusing, inaccurate tax forms to Raven so that his CPA

could not file his tax returns and sent an email admitting to a $4.3 million error in Brenco's 2014

return; Defendants said they would only correct these issues if Raven would agree to settle their

proposal to mediate.

40.    Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner,

and Brenda Schreiner, among others, agreed to mediate the matter before Non-Party, Kevin T.

Ahern, Esquire.

41.    As a result of the initiation mediation, on or about September 6, 2018, Plaintiffs, Michael

Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner, and Brenda Schreiner,

among others, entered into an Interim Settlement and Standstill Agreement. *See generally*

Exhibit A (the "Interim Settlement and Standstill Agreement").

42.    Among other things, the Interim Settlement and Standstill Agreement:

      a.   Constituted a settlement between Plaintiffs, Michael Raven and Loyola Energy,

          Inc. and Defendants, Michael Schreiner, and Brenda Schreiner concerning various

          claims "from the beginning of time through and including the Effective Date",

          which was defined as September 6, 2018;

      b.   Released any claims Plaintiffs, Michael Raven and Loyola Energy, Inc. may have

          possessed against Defendants, Larry Elkus, Esquire and David T. Buele, C.P.A.

          "from the beginning of time through and including the Effective Date", which

13

Case ID: 210601332

was defined as September 6, 2018;

    c.   Preserved certain specific claims between Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner, and Brenda Schreiner that would be subject to ongoing mediation and potentially arbitration before Non-Party, Kevin T. Ahern, Esquire.

*See* Exhibit A, Pages 1, 2, 7-11.

43.     The Interim Settlement and Standstill Agreement preserved the following "Open Issues" to be subject to ongoing mediation and potentially arbitration before Non-Party, Kevin T. Ahern, Esquire:

    a.   The amounts of over/under Distributions, payments and/or dividends ("Distributions") to or for the benefit of Brenda and/or to or for Raven between January 1, 2012, and the Effective Date;

    b.   The propriety of Brann Williams legal invoices paid by the Company;

    c.   The Company's OGM rights purchased and sold or otherwise assigned between May 30, 2013, and the Effective Date; and,

    d.   Whether the Company accountant should be authorized and directed to amend Raven's 2016 K-1 to Loyola as the shareholder after consultation between the Company accountant and Raven's accountant consistent with the Company's books and records.

*See* Exhibit A, Page 2.

44.     Further, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner and Brenda Schreiner agreed in the Interim Settlement and Standstill Agreement that

Case ID: 210601332

"Raven, either individually or through Loyola, has been the owner of 50% of the stock of the Company", i.e., Defendant, Brenco Oil, Inc.

45.     Further still, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner and Brenda Schreiner agreed in the Interim Settlement and Standstill Agreement that a "forensic investigation" by a "neutral third party (sic) forensic accountant" would be performed with regards to the financial records of Defendant, Brenco Oil, Inc. for the period of January 1, 2012, through September 6, 2018 – should they not be able to resolve the matter amicably within ninety days. *See* Exhibit A, Page 3.

46.     The Agreement also called for the parties to grant mutual releases within 30 days. However, Defendants delayed the dismissal of the suit against Raven's parents, while Elkus pressured Raven to grant a release to non-party Middle Run Development, and Raven's father suffered an ultimately fatal heart attack on October 18, 2018, and later died in a Pennsylvania Hospital. Defendants then completed the releases.

47.     Finally, the Agreement called for the Arbitrator to determine whether Elkus should be allowed to continue his representation of the parties in the Texas Action, which the Defendants wanted Elkus to do, despite his obvious conflicts of interest, and they persuaded the Arbitrator to allow him to do so.

48.     Elkus persuaded the Arbitrator that he had no conflict of interest in the Texas action, and he and Mike Schreiner negotiated a settlement under which Brenco paid $1.1 million, and Elkus's company and Middle Run Development, LLC, an affiliate of Schreiner which had some liability in the Hill matter, paid nothing, and no mention was made of Elkus's involvement in the improper Hill acquisition.

49.     In furtherance of the settlement discussions, Defendant, Elkus – acting at the attorney for

Case ID: 210601332

Defendant, Brenco Oil, Inc. – prepared a reconciliation for Defendant, Brenco Oil, Inc. for the relevant time period. As Defendant, Elkus was retained by Defendant, Brenco Oil, Inc., which was equally owned by Plaintiff, Michael Raven and Defendant, Michael Schreiner, Defendant, Elkus owed a fiduciary duty to Defendant, Brenco Oil, Inc., and in turn both Plaintiff, Michael Raven and Defendant, Michael Schreiner, to provide an accurate and truthful reconciliation.

50.     On or about February 6, 2019, Defendant, Elkus, on behalf of Defendant, Brenco Oil, Inc. provided Non-Party, Kevin T. Ahern, Esquire and the parties to the mediation, with the "Brenco Oil Reconciliation."

51.     Despite his fiduciary duties, Defendant, Elkus served only the interests of Defendant, Michael Schreiner in preparing a false and misleading Brenco Oil Reconciliation that purportedly showed that Plaintiff, Michael Raven was received $850,808.51 greater distributions that Defendants, Michael and Brenda Schreiner. Defendant, Elkus intentionally concealed payments to Defendants, Michael and Brenda Schreiner; including by characterizing their purchase of a residential home in Scottsdale, Arizona as a purchase of mineral rights in Pennsylvania.

52.     Non-Party, Kevin T. Ahern, Esquire, believing Elkus and Beule's claims about Raven not being involved in Brenco operations, conducted two hearings in which he allowed testimony from the Schreiners without the opportunity for testimony from Plaintiff, Michael Raven, one in October 2018 which Raven's counsel was advised was to have been an attorney and CPAs only conference, the second held the day after Raven's father died from complications from the October 2018 heart attack, and told Raven he could not testify about several issues at the September 2019 hearing, that Elkus had falsely asserted Raven had not been involved in.

FIRST AMENDMENT TO THE INTERIM SETTLEMENT AND STANDSTILL AGREEMENT

16

53.     On or about February 21, 2019, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner, and Brenda Schreiner, among others, entered into First Amendment to the Interim Settlement and Standstill Agreement. *See generally* Exhibit B (the "First Amendment").

54.     The First Amendment was entered into as Defendant, David T. Buele, C.P.A., in his capacity as the accountant of Defendant, Brenco Oil, Inc., had advised Plaintiff, Michael Raven, and Defendant, Michael Schreiner and Brenda Schreiner of "some very unfavorable tax consequences associated with the Ohio Building Sale, if the Open Issues were not resolve before the scheduled closing date of the Ohio Building Sale on March 15, 2019." *See* Exhibit B, Page 2.

55.     As a result, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner, and Brenda Schreiner "recognized that the looming Closing Date will not, in practical and realistic terms, permit the Open Issues to be determined utilizing the forensic investigation process… and the formal arbitration hearing and process." *See* Exhibit B, Page 2.

56.     As a result, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner, and Brenda Schreiner dispensed with the forensic accounting and the formal arbitration process; instead taking a "hybrid dispute resolution" process in which the mediator, Non-Party, Kevin T. Ahern, Esquire, would determine all Open Issues. *See* Exhibit B, Pages 2-3.

57.     Further, the Amendment promised the mediation/arbitration would effectively end on March 15th, 2019 – in the January 2018 Order, the Arbitrator ruled the Schreiners did not have to pay Raven as agreed in the 2018 Agreement, and Raven wanted to end the contentious process, in which the Arbitrator had consistently yelled at him because of the Schreiners and Elkus's wild accusations about his alleged misconduct; in reliance thereon, Raven purchased a house in Pennsylvania, which he was forced to sell in 2020 when the arbitration was in fact not

17

concluded.

58.    In the First Amendment, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner and Brenda Schreiner designated the Open Issues with greater specificity. *See* Exhibit B, Pages 4-6.

59.    In the First Amendment, Defendants, Michael Schreiner and Brenda Schreiner "adopted the Brenco Oil Reconciliation" knowing that the document concealed their malfeasance. *See* Exhibit B, Page 6.

60.    Defendants Elkus, Law Office of Lawrence M. Elkus, P.C., Beule, Appalachian Basin CPA's Inc., and Chief Exploration and Development were not parties to the arbitration and were not signatories to the February 2019 Amendment.

**THE SHAM BRENCO OIL RECONCILIATION**

61.    The Brenco Oil Reconciliation was a sham for, *inter alia*, the following reasons:

a.    Defendants falsely alleged that Plaintiffs were not involved with the Business Arrangement or Brenco Oil, Inc. until April 2014, thereby justifying that approximately $4 million in additional distributions that Defendants, Michael Schreiner and Brenda Schreiner took out of Brenco Oil, Inc. between May 2013 and April 2014;

b.    Defendants falsely included significant, personal expenses, including for travel, dining, jewelry, clothing, and cars of Defendants, Michael Schreiner and Brenda Schreiner that served no legitimate business purpose as business expenses; and,

c.    Defendants falsely included as expenses a $600,000 distribution to Defendants, Michael Schreiner and Brenda Schreiner's children, which they had previously admitted were personal distributions.

18

62.     As a result, Plaintiffs provided a rebuttal to the Schreiners-Adopted Brenco Oil

Reconciliation, which used the Schreiners-Adopted Brenco Oil Reconciliation as a starting point,

and then identified errors and omissions therein to come up with a new adjustment figure.

63.     In response, on or about March 3, 2019, Defendant, Elkus – still in his position as the

attorney for Defendant, Brenco Oil, Inc. and being paid by Defendant, Brenco Oil, Inc. –

provided Defendants, Michael Schreiner and Brenda Schreiner's rebuttal to Plaintiffs' position.

64.     After the clear errors and omissions were identified again, Defendant, Elkus claimed that

the errors and omissions were due to a change in accounting methods.

65.     As a result, on or about March 26, 2019, Defendant, Elkus provided a completely new

reconciliation (the "New Reconciliation") on behalf Defendants, Michael Schreiner and Brenda

Schreiner despite his position as the counsel for, and being paid by, Defendant, Brenco Oil, Inc.

In the New Reconciliation, Defendant, Elkus took the underlying QuickBooks data, and then

allocated it into columns of his own making, which concealed the distributions made to

Defendants, Michael Schreiner and Brenda Schreiner, and their children, in a different manner.

66.     After repeated delays, which coincided with the timing of Elkus and Chief pursuing the

Proctor acquisition using Brenco's data, Elkus, Beule and the Schreiners attended a hearing in

September 2019. They had stipulated in a telephonic pretrial that the February 6, 2019,

Reconciliation would be the basis for their arguments and discussions at the hearing.

67.     On day 1 of the hearing, they presented their arguments as if the February 6

reconciliation controlled the hearing. However, on day 2, they retracted the February 6

reconciliation and all prior admissions as to financial issues and presented the March

reconciliation. The arbitrator told Raven's forensic accountant in the hallway during a break that

he was very confused by the changes.

Case ID: 210601332

### THE 1031-EXCHANGE OF THE OHIO BUILDING

68.     In the First Amendment, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Defendants, Michael Schreiner and Brenda Schreiner, among others, agreed that the "Ohio Building Sale is to be structured as a 1031 exchange for the benefit of Raven and Brenda Schreiner". The First Amendment went on to describe a sophisticated 1031 exchange structure.

69.     The agreement to structure the sale of the Ohio Building as a 1031 exchange was a significant and material factor in the resolution as it caused Plaintiffs to change the structure of the mediation and arbitration process. *See* Exhibit B, Pages 1-2.

70.     Plaintiffs, Michael Raven and Loyola Energy, Inc. agreed to the structure of the sale of the Ohio Building as a 1031 exchange, after consultation with their counsel and accountants, which was based upon an affirmative false representation by Defendants, Beule and Elkus.

71.     At all material times before 2016, Defendant, Brenco Oil, Inc. had filed its federal tax returns with a designation of C-Corporation that elected Subchapter S treatment. A 1031 "drop and swap" exchange, as described in the First Amendment, cannot be completed by a C-Corporation.

72.     However, Defendants, Beule and Elkus, working in concert with Defendants, Michael Schreiner and Brenda Schreiner, affirmatively, fraudulently, and recklessly represented to Plaintiffs that Defendants, Beule and Elkus had conferred with the Internal Revenue Service and had received authorization to change Brenco Oil, Inc.,designation for federal tax purposes to a partnership.

73.     Plaintiffs justifiably relied upon the foregoing representation by Defendants, Beule and Elkus, made in concert with Defendants, Michael Schreiner and Brenda Schreiner.

74.     However, Plaintiffs have since learned that the foregoing representation was false; the

20

Internal Revenue Service did not provide authorization for Brenco Oil, Inc. to change its designation for federal tax purposes to a partnership; nor is such a change in designation possible.

75.     As a result, Plaintiff, Michael Raven agreed to the 1031 exchange to his significant financial detriment; Plaintiff, Michael Raven has recently learned that he may have a six-figure tax burden as a result.

### REFUSAL TO COOPERATE

76.     Plaintiffs Michael Raven and Loyola Energy, Inc. have been unable to file their federal tax returns since tax year 2015 because of the discrepancies and disputes arising out of Defendant, Brenco Oil, Inc.

77.     Defendants Beule and Schreiners prepared Defendant Brenco Oil, Inc.'s 2015 tax return to reflect that Plaintiff, Loyola Energy, Inc. was the one-half owner of it, but prepared Brenco's subsequent returns to show that Raven was half owner and that Loyola's accounts receivable had been transferred to Raven – a potentially taxable event not authorized by Raven.

78.     Defendants Beule and Schreiners apparently prepared and filed with the IRS a 2016 Tax Return for Loyola without Raven's knowledge or authorization, concealed this from Raven throughout the mediation and arbitration, and are refusing to turn it over to Raven; what information Raven has learned (from the IRS) causes Raven to believe Beule and the Schreiners underreported Loyola's income on this return by over $20,000.

79.     Plaintiff, Loyola Energy, Inc. requires certain financial and tax information that is in the possession of Defendants to appropriately characterize the distributions it received from Defendant, Brenco Oil, Inc. to file its 2016-2020 federal tax returns.

80.     To date, Defendants, Michael Schreiner, Brenda Schreiner, David T. Buele, C.P.A., and

21

Appalachian Basin CPA's, Inc. have refused to cooperate with Plaintiffs and their counsel and accounts in providing the necessary financial and tax information despite the affirmative obligation to do so set forth in the Interim Settlement and Standstill Agreement and their ethical and professional duties. *See* Exhibit A, Page 3.

81.     As a further result, Plaintiff, Michael Raven has been unable to file his 2017-2020 federal tax returns.

82.     Further still, Defendants, David T. Buele, C.P.A., and Appalachian Basin CPA's, Inc. have refused to provide the documents supporting the $700,000 basis that they represented to Plaintiff, Michael Raven that he possessed in Brenco Oil, Inc; or provide any explanation or calculation for the basis. The $700,000 basis was a material fact that Plaintiff relied upon in accepting the ultimate agreement.

### BRENCO SHARE REDEMPTION AGREEMENT

83.     On or about March 17, 2020, Plaintiff, Michael Raven and Defendants, Brenda Schreiner and Brenco Oil, Inc. entered a Brenco Share Redemption Agreement, in which they agreed to a redemption of Plaintiff, Michael Raven's shares in Brenco Oil, Inc. in exchange for $2,250,000. *See generally* Exhibit C ("Share Redemption Agreement").

84.     The parties had *ex parte* communications with the arbitrator so Raven does not know when inaccurate statements began to be made, but in March 2019, Elkus sent a collection of letters to the arbitrator that made claims and accusations against Raven that Elkus knew and should have known were false, based on Elkus's activities in the Oil and Gas industry. It appears Elkus also misled the Arbitrator about his 2002 to 2008 acquisitions of interests in every parcel Brenco acquired during the Hill project, instead allowing the Schreiners to claim and the Arbitrator to believe that he had not, that the parcels were somehow a trade secret Raven had

22

stolen knowledge of from Elexco or some other client; Elkus claimed Raven was really a practicing lawyer and was lying about his industry experience and his work for Brenco.

85.     Elkus, Beule and the Schreiners made it appear Raven had was not involved in Brenco's operations, when in fact Raven had performed title abstracting as to every project Brenco pursued from 2010 to 2016 and performed other work such as lease acquisitions and mapping; all but two of Brenco's projects were initiated by Raven and used Raven's prior industry contacts, but Defendants made it appear this was not the case.

86.     Because Elkus and Beule lied about Raven's involvement, the arbitrator refused to allow Raven to testify about the work he performed, ruled all his evidence as "not credible" ; Loyola was not compensated for the tens of thousands of dollars in abstracting and attorney's fees it had paid, and Schreiner was allowed to keep over $500,000 in embezzled funds based on the assertion that he was the only one doing work and not Raven;

87.     Elkus and Beule also misled the arbitrator about the nature of Brenco's operations, claiming it was involved in drilling oil wells. Schreiner's oil company, Schreiner Oil, was being sued over a fracking accident from 2009, the year before he met Raven. Schreiner had used over $400,000 of embezzled funds to pay for the cleanup and for fines owed to the Commonwealth. Elkus and Beule helped persuade the arbitrator that these costs were directly related to Brenco's activities, which were in fact limited to buying and leasing mineral reservations.

88.     Elkus appeared to have misled the Arbitrator about the nature and extent of his involvement in Brenco's activities and his possibly culpability for the Texas liability, so that the Arbitrator believed he was merely an industry expert hired by Brenco for the Arbitration, and ordered that Raven owed half Elkus's fees.

89.     During the 2018 Mediation, Raven had sought a warranty from Elkus and Schreiner that

23

they had not profited from the Michigan LLC somehow discovering the opportunities to compete with Brenco as to the Hill, Innes and DOGA acquisitions. Somehow, the final agreement was changed to say that Elkus and Schreiner were only warranting that they were not the owners of the LLC.

90.     In or around 2011, Raven considered Terminating his relationship with Schreiner, who had been unable to contribute much work to the Innes lease acquisition project, due to, (Schreiner said) his being tied up with the lawsuit over Schreiner Oil's fracking accident.

91.     Schreiner knew Raven wanted to move to Ohio to be close to his son but had not been able to find work there. Schreiner introduced Raven to non-party, Luke Thompson, and to Chuck Kendall, who were involved in Oil and Gas activities in Ohio, in exchange for Raven continuing the partnership with Schreiner and pursuing the Hill project with him

92.     Raven went on to develop or work on several projects in Ohio on behalf of Brenco, which Schreiner told Raven never generated any income, but which non-party Luke Thompson confided in Raven had in fact paid Schreiner substantial sums and for which there are recorded documents showing Defendants sold leases acquired by Brenco as to parcels abstracted by Raven.

**CHIEF**

91.     Defendant Chief --- is a multibillion-dollar Oil company whose founder and CEO was Elkus's law school classmate and to which Elkus assigns most of the Oil and Gas leases he acquires through his company, Defendant, Lancaster. Through manipulation, Defendant, Schreiner, caused Brenco to only market its Hill OGM interests to Chief and not to Chief's competitors as Raven sought to do

24

Case ID: 210601332

92.     In 2012, after Chief entered into an unrecorded agreement with Elkus and Brenco to acquire interests in Lancaster and Brenco's Hill heir minerals, Chesapeake Energy filed an action in Bradford County Orphans Court, under Pennsylvania's Dormant Oil and Gas Act, alleging that Brenco was recording deeds purporting to convey Hill their interests in the OGMS which were from people who were in fact not Hill heirs and owned nothing.

93.     Chief was the direct beneficiary of perjurious affidavits prepared by Schreiner and Elkus and filed in the Bradford County Court which led to the dismissal of Chesapeake's suit, and the Court also invalidated a lease of 100,240 acres of OGMs secured by Chesapeake, and paved the way for Chief to lease said interests from Elkus, Brenco and the LLC which was buying out the true interests while Elkus and Schreiner bought out the fake Hill heirs using Raven's $463,500 and Brenco's revenue of which Raven owned 50%.

94.     In 2015, after the expiration of the noncompete agreement between Elkus and Brenco, Raven began examining title to the OGMs owned by Elkus's company, Defendant, Lancaster, which it had assigned in part to Defendant, Chief, as Raven had noticed errors in Defendant, Lancaster's lease, and Lease Extension, and because of affidavits located by Raven which asserted the Leases did not encumber the percent ownership of OGMs asserted by Defendants, Lancaster and Chief.

95.     Raven approached Chief's primary competitor in the Marcellus region, Chesapeake Energy, but they were having financial issues and suggested Raven do further work on the project before they would consider it, and Raven hired an attorney to assist him in this.

96.     In early 2016, Defendant, Schreiner, contacted a subcontractor Raven had hired to help examine the Proctor interests, and told him to stop working on that project.

25

Case ID: 210601332

97.     In June 2017, the mineral owners Elkus had leased through Defendant Lancaster, who Raven had been examining and planning to lease, filed suit against Lancaster in US District Court, pursuant to one of the defects Raven had located.

98.     Shortly thereafter, Elkus and Schreiner seized control of Brenco and cut off Raven's income, and began inundating Raven with demands, so that Raven was unable to continue paying the attorney to assist with the Proctor project and was distracted from the project by his efforts to protect his interests in Brenco.

99.     As set forth above, Plaintiff Raven had commenced a project in 2015 to examine the interests owned by Defendant Lancaster and assigned in part to Defendant Chief (the "Proctor Project").

100.    In 2016 Schreiner shut down part of the project without warning, and Raven became aware of embezzlement and other malfeasance, and he and Brenco were threatened with suit.

101.    In July 2018, Brenco's outside counsel copied Raven on an email response to Mike Schreiner's request for data Raven and the attorney had developed as to what mineral interests Brenco owned a small fractional interest in, and which Defendant Lancaster had previously leased fifty (50) to Seventy (70) percent of and assigned in part to Chief, were free from the Title Washing issue.

102.    Raven asked Schreiner why he wanted the data and Schreiner gave an explanation that Raven knew to be false. Realizing that the data would be valuable to Elkus and was the final collection of data that Elkus had originally sought from Raven under the 2012 JV agreement, Raven began expressing objections to Elkus having access to such data, or requesting that in the alternative, Elkus share in the cost of acquiring or analyzing the data any further.

Case ID: 210601332

February 27, 2105.  Raven and the Schreiners signed a final settlement around March 2020, ending the arbitration.

106.   Post-settlement, around March 2020, shortly after Raven signed the settlement, Defendant Elkus and Defendant Chief recorded documents in several Pennsylvania Counties including Bradford and Sullivan showing that they had completed the acquisition of the most valuable mineral interests owned by the Proctor family, which were the interests Raven had sought to pursue via Brenco with Chesapeake Energy or some other operator.

107.   On March 23, 2020, Defendant Elkus recorded on behalf of Defendant Lancaster a release effective February 25th, 2020 – 2 days before the Schreiners' counsel called Raven's counsel to commence final settlement talks.

108.   On March 25, 2020, Defendant Chief recorded at Instrument Number 202003130 of the Bradford County PA Records, a document showing that on June 19, 2019 – the same date proposed by the Arbitrator as the first day the delayed arbitration could recommence. Chief and the Proctors entered into a preliminary lease agreement. In other words, the timing of the filings shows that the arbitration and the delays and turmoil caused by Elkus were used to tie up and distract Raven while Elkus and Chief pursued the Proctor Project.

109.   It appears Chief used the data developed by Raven and accessed by Schreiner in July 2018 in that Chief avoided acquiring interests in any parcel Raven had identified as having title issues except for one in which Elkus had previously said Chief knew had been title washed but had some reason for wanting anyway.

110.   The approximate value of the parcels acquired by Chief, for stock purposes is $190 million. The benefit Chief received by having access to Raven's data as to which parcels to not purchase, is estimated, depending on per-acre acquisition costs, to be at least $30 million.

27

Case ID: 210601332

111.    Plaintiff Ellicott Inc., d/b/a Ellicott LLC, is the owner of a fractional interest in certain parcels of Oil and Gas rights located in Bradford and Sullivan Counties, Pennsylvania, as set forth in a deed recorded in Bradford County at Instrument Number 201405183.

112.    Said deed conveys to Plaintiff Ellicott interests in parcels which are part of drilling units formed by Defendant Chief, and under which parcels Chief has conducted drilling operations and has been producing gas.

113.    Chief has not paid Ellicott for Ellicott's share of the gas produced from the wells in the drilling units.

114.    In September 2020, Plaintiff Raven contacted Defendant Chief and sent a copy of said deed in October 2020. Chief's Landman Jessica White asked how Raven had acquired the interests and Raven briefly explained, citing to Elkus. Chief's landman said she would investigate but despite follow ups by Raven, she did not respond.

115.    Chief has not asserted any defense to paying Ellicott.

116.    The refusal to pay Ellicott by Chief, whose founder and CEO was Elkus's Law School classmate, is consistent with Elkus's past tactics of attempting to deny Raven income or assets which he could employ to fund litigation against Elkus and Schreiner

III.    **COUNTS OF ACTION**

**COUNT I**
**LEGAL MALPRACTICE/ SIMPLE NEGLIGENCE/ PROFESSIONAL NEGLIGENCE**
**(Plaintiffs v. Defendants Elkus, Law Office of Lawrence M. Elkus, P.C., Beule, and**
**Appalachian Basin CPA's Inc.)**

117.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

118.    Defendants owed Plaintiffs a duty of care.

119.    At all times material, Defendants breached their duty of care to Plaintiffs, acting

28

intentionally, recklessly, negligently, and/or carelessly, and in the following regards, respectively:

    a.  Defendants had a conflict of interest.

    b.  Defendants conspiring against Plaintiffs and defrauded Plaintiffs.

    c.  Defendants failed to act in the best interest of Plaintiffs.

    d.  Defendants failed to provide appropriate and necessary legal/professional advice and services.

    e.  Other conduct that deviated from the applicable standard of care.

120.    As a direct and proximate result of Defendants Attorneys' malpractice aforesaid, Plaintiffs were harmed and suffered significant damages, as well as other consequential and incidental damages.

121.    Defendants knew or should have known that their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

122.    Defendants acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

    **WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**(Plaintiffs v. Defendants Elkus, Law Office of Lawrence M. Elkus, P.C., Beule, and Appalachian Basin CPA's Inc.)**

123.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

29

124.    Plaintiffs and Defendants had a fiduciary relationship.

125.    Defendants breached their fiduciary duties owed to Plaintiffs, as more fully set forth

above, and also acted in a violation of the Pennsylvania Rules of Professional Conduct.

126.    As a direct and proximate result of Defendants' breach of fiduciary duty aforesaid,

Plaintiffs has been harmed and continues to be harmed, and has incurred significant damages, as

well as other consequential damages.

127.    Defendants knew or should have known their actions and omissions aforesaid had an

extremely high degree of probability of causing harm to Plaintiffs.

128.    Defendants acted in reckless indifference to the consequences of their actions.

        **WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for

an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and

costs, punitive damages, plus other relief which this Honorable Court deems necessary and just,

including injunctive relief.

**COUNT III**
**BREACH OF CONTRACT**
**(Plaintiffs v. Defendants Elkus, Law Office of Lawrence M. Elkus, P.C., Beule, and**
**Appalachian Basin CPA's Inc.)**

129.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length

herein.

130.    Plaintiffs and Defendants entered into a contract for legal services.

131.    Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter

of law) of that agreement to provide competent and effective legal services, as well as a breach

of the covenant of good faith and fair dealing.

132.    As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiffs

have been damaged (as set forth above).

30

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

## COUNT IV
### Breach of Contract/Quasi-Contract/Unjust Enrichment/Promissory Estoppel
### (Plaintiffs v. all Defendants)

133.   Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

134.   Defendants' aforementioned misconduct constitutes a breach of the contract(s), express, implied, and as a matter of law.

135.   As a direct and proximate result of the aforesaid breach of the agreement, Plaintiffs have been damaged as set forth above.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

## COUNT V
### Third-Party Beneficiary
### (Plaintiffs v. all Defendants)

136.   Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

137.   Plaintiffs were a third-party or otherwise beneficiaries under a contract(s) between the parties.

138.   The aforesaid misconduct of Defendants constitutes a breach of contract and/or warranty,

31

express and/or implied at law.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

<u>**COUNT VI**</u>
**Tortious Interference with Contractual Relationship/Economic Expectancy/Loss of Opportunity**
**(Plaintiffs v. all Defendants)**

139.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

140. Defendants' aforementioned misconduct constitutes a tortious interference as a matter of law.

141.    As a direct and proximate result of the aforesaid breach of the agreement, Plaintiffs have been damaged as set forth above.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

Respectfully submitted,

**WEISBERG LAW**                                    **SCHAFKOPF LAW, LLC**

 /s/ Matthew B. Weisberg                               /s/ Gary Schafkopf
Matthew B. Weisberg, Esquire                      Gary Schafkopf, Esquire
David Berlin, Esquire                                     *Attorney for Plaintiffs*
*Attorneys for Plaintiffs*

32

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **MICHAEL RAVEN**, et al. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | |
| **MICHAEL SCHREINER**, et al. | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 3rd day of February 2022, a true

and correct copy of the foregoing Complaint was served via ECF and regular mail on the

following parties and/or counsel:

Michael Schreiner and Brenda Schreiner
180 Oakcreek Drive,
Sedona, AZ 86351

Brenco Oil, Inc.
180 Oakcreek Drive,
Sedona, AZ 86351

Larry Elkus, Esquire
d/b/a Lawrence M. Elkus, P.C.
P.O. Box 251145
West Bloomfield, MI   48325

Law Offices Of Lawrence M. Elkus, P.C.
P.O. Box 251145
West Bloomfield, MI   48325

Lancaster Exploration and Development Co., LLC
P.O. Box 251145
West Bloomfield, MI   48325

Case ID: 210601332

Rockhall Royalty Company, LLC
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

David T. Buele, CPA
213 Market N, Suite 240,
Canton, OH 44702

Appalachian Basin CPA'S, INC.
213 Market N,
Canton, OH 44702

Chris Banik
1515 Hyde Park $3
Houston, TX 77006

Cheyenne Oil Gas and Minerals, LLC
1515 Hyde Park $3,
Houston, TX 77006

Thunderbird Global
3431 Commerce Parkway, Suite D,
Wooster, OH 44691

Chief Exploration and Development
1720 Sycamore Road.
Montoursville, PA 17754

Chase Energy Group, LLC
7611 Pickett Lane,
Columbus, OH 43234

Middle Run Development, INC.
8888 Darner Road,
Lisbon, OH 44432

Middle Run Development, LTD.
8888 Darner Road,
Lisbon, OH 44432

Middle Run Investments, LLC
P.O. Box 65,
Columbiana, OH 44408

Luther R. Thompson
139 South Main Street

Case ID: 210601332

Columbiana, OH 44408

Schreiner Oil and Gas
180 Oakcreek Drive,
Sedona, AZ 86351

CAS Energy, LLC
8737 E. San Vincente Dr.
Scottsdale, AZ 85258

Infinite Strength, LLC
8425 N. 90th St. Suite 3
Scottsdale, AZ 85258

           **WEISBERG LAW**

           */s/ David A. Berlin*
           Matthew B. Weisberg, Esquire
           David A. Berlin, Esquire
           *Attorneys for Plaintiffs*

Case ID: 210601332

Exhibit "F"



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL**

|  |  |
|---|---|
| *RAVEN ETAL*<br>*VS*<br>*SCHREINER ETAL* | *June Term 2021*<br>*No. 01332* |

*CASE MANAGEMENT ORDER*
*COMPLEX TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
11-FEB-2022
**B. LAWLOR**

AND NOW, 11-FEB-2022 , it is Ordered that:

1.   The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order.

2.   All *discovery* on the above matter shall be completed not later than *01-MAY-2023*.

3.   *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *05-JUN-2023*.

4.   *Defendant and any additional defendants* shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than *03-JUL-2023*.

5.   All *pre-trial motions* shall be filed not later than *03-JUL-2023*.

6.   A *settlement conference* may be scheduled at any time after *07-AUG-2023*.  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

(a).   A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

(b).   A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

(c).   Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.   A *pre-trial conference* will be scheduled any time after *02-OCT-2023*.  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).   A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address.  Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference.  Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.    *It is expected that the case will be ready for trial 06-NOV-2023*, and counsel should anticipate trial to begin expeditiously thereafter.

9.    All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

_____
*DENIS COHEN, J.*
*TEAM LEADER*

\\BPL79669 (Rev 11/04)

Exhibit "G"

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiffs*

Filed and Attested by the
Office of Judicial Records
05 APR 2022 03:56 pm
E. IMPERATO

| | | |
|---|---|---|
| **MICHAEL RAVEN**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| And | : <br> : | Docket No.: 210601332 |
| **LOYOLA ENERGY, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **ELLICOTT, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : <br> : | |
| Plaintiffs,<br>v. | : <br> : <br> : <br> : | |
| **LARRY ELKUS, ESQ. d/b/a<br>LAW OFFICE OF LAWRENCE<br>M. ELKUS, P.C.**<br>30833 Northwestern Hwy., Ste. 204<br>Farmington Hills, MI 48334 | : <br> : <br> : <br> : <br> : | **JURY TRIAL OF TWELVE (12)<br>JURORS DEMANDED.** |
| And | : <br> : | |
| **LAW OFFICE OF LAWRENCE<br>M. ELKUS, P.C.**<br>30833 Northwestern Hwy., Ste. 204<br>Farmington Hills, MI 48334 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **LANCASTER EXPLORATION AND<br>DEVELOPMENT CO., LLC** | : <br> : | |

1

Case ID: 210601332

30833 Northwestern Hwy., Ste. 204          :
Farmington Hills, MI 48334                 :
                                           :
          And                              :
                                           :
                                           :
**DAVID T. BUELE, C.P.A. d/b/a**           :
**APPALACHIAN BASIN CPA'S, INC.**          :
213 Market N., Ste. 240                    :
Canton, OH 44702                           :
                                           :
          And                              :
                                           :
                                           :
**APPALACHIAN BASIN CPA'S, INC.**          :
213 Market N., Ste. 240                    :
Canton, OH 44702                           :
                                           :
          Defendants.                      :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
|     You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH |     Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON |

2

| INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO. |
| --- | --- |

Philadelphia Bar Association
Lawyer Reference and Information Service
1101 Market St, Philadelphia, PA 19107
215-238-6333

3

Case ID: 210601332

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| **MICHAEL RAVEN**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| And | : <br> : | Docket No.: 210601332 |
| **LOYOLA ENERGY, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **ELLICOTT, LLC**<br>P.O. Box 1368<br>Washington, PA 15301 | : <br> : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| **LARRY ELKUS, ESQ. d/b/a**<br>**LAW OFFICE OF LAWRENCE**<br>**M. ELKUS, P.C.**<br>30833 Northwestern Hwy., Ste. 204<br>Farmington Hills, MI 48334 | : <br> : <br> : <br> : <br> : | **JURY TRIAL OF TWELVE (12)**<br>**JURORS DEMANDED.** |
| And | : <br> : | |
| **LAW OFFICE OF LAWRENCE**<br>**M. ELKUS, P.C.**<br>30833 Northwestern Hwy., Ste. 204<br>Farmington Hills, MI 48334 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **LANCASTER EXPLORATION AND**<br>**DEVELOPMENT CO., LLC** | : <br> : | |

4

Case ID: 210601332

30833 Northwestern Hwy., Ste. 204                    :
Farmington Hills, MI 48334                           :
                                                     :
        And                                          :
                                                     :
                                                     :
**DAVID T. BUELE, C.P.A. d/b/a**                     :
**APPALACHIAN BASIN CPA'S, INC.**                    :
213 Market N., Ste. 240                              :
Canton, OH 44702                                     :
                                                     :
        And                                          :
                                                     :
**APPALACHIAN BASIN CPA'S, INC.**                    :
213 Market N., Ste. 240                              :
Canton, OH 44702                                     :
                                                     :
                        Defendants.                  :

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I.    INTRODUCTION**

This is a professional malpractice action, *inter alia*, arising from Plaintiffs' detrimental

reliance on Defendants' false representations and material omissions, which Plaintiffs relied

upon when settling a partnership dispute with third parties: the Schreiners and Brenco Oil, Inc.

Defendants false representations included that Defendants could execute a 1031 exchange and

falsely designate Breno Oil as a C-Corporation. After Plaintiffs settled the aforesaid partnership

dispute, Plaintiffs learned the 1031 exchange could not be executed, Defendants knew it could

not be executed prior to the aforesaid settlement, and that Plaintiffs had a significant tax burden

because of Defendants' conduct. Defendants post-release conduct also includes continuing to

withhold and conceal tax information from Plaintiffs despite an affirmative obligation to

cooperate with Plaintiffs, causing Plaintiffs to be unable to file tax returns for several years. Post-

release, Defendant, Lancaster Exploration and Development Co., which is owned by Defendant,

Elkus, has also ongoing refused to pay Plaintiffs for their interest in mineral rights.

5

Case ID: 210601332

## II.   PARTIES, JURISDICTION & VENUE

1.      Plaintiff, Michael Raven, is an adult individual residing at the above-captioned address.

2.      Plaintiff, Loyola Energy, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Texas, with a primary place of business at the above-captioned address.

3.      Plaintiff, Ellicott, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Texas, with a primary place of business at the above-captioned address.

4.      Defendant, Larry Elkus, Esquire doing business as the Law Offices of Lawrence M. Elkus, P.C., is an adult individual and an attorney licensed to practice law, with a primary place of business at the above-captioned address.

5.      Defendant, Law Offices of Lawrence M. Elkus, P.C., is professional corporation and law firm existing by virtue of and operating under the laws of the State of Michigan, with a primary place of business at the above-captioned address.

6.      Defendant, Lancaster Explorations and Development Co., LLC is a limited liability company existing by virtue of and operating under the laws of the State of Michigan, with a primary place of business at the above-captioned address.

7.      Defendant, David T. Buele, C.P.A. doing business as Appalachian Basin CPA's, Inc., is an adult individual and certified public accountant, with a primary place of business at the above-captioned address.

8.      Defendant, Appalachian Basin CPA's, Inc., is an incorporated business existing by virtue of and operating under the laws of the State of Ohio, with a primary place of business at the above-captioned address.

6

Case ID: 210601332

## II.   OPERATIVE FACTS

### BACKGROUND

9.      Beginning in or about 2009, Plaintiff, Michael Raven, who has worked in Oil & Gas as a Landman and Abstractor since 2004, began examining title as to a group of mineral reservations in Pennsylvania that were thought to be subject to a title issue known as "Title Washing."

10.     In early 2010, while examining title to and marketing such interests on behalf of certain non-parties, Plaintiff, Michael Raven met Michael Schreiner and Lawrence Elkus; both of whom were and continue to be involved in businesses involving oil, gas and mineral ("OGM") rights, including Brenco Oil, Inc. and Lancaster Explorations and Development Co., LLC, respectively.

11.     Beginning in or around February 2010, Plaintiff, Michael Raven and non-party, Michael Schreiner entered into a business agreement whereby they agreed to share equally in the net proceeds of certain transactions OGM rights, largely in Pennsylvania (the "Business Arrangement").

12.     The Business Arrangement involved the identification of OGM rights and then acquiring the rights for subsequent lease, sale, or other commercial exploitation. The parties originally agreed that the mineral rights would be titled in a new entity that would be structured as a Pennsylvania limited liability partnership; the net proceeds would then be equally distributed to Michael Schreiner, and to Plaintiff.

13.     However, the new Pennsylvania limited liability partnership was never formed and due to what Michael Schreiner described as drafting mistakes by his attorney, certain deeds were titled in the name Brenco Oil, Inc. rather than jointly in the names of the parties' respective entities.

14.     As a result, on or about December 30, 2011, Plaintiff, Michael Raven and Michael Schreiner implemented a new agreement that provided that: (i) Plaintiff, Michael Raven and

7

Case ID: 210601332

Michael Schreiner would equally share in the net profits and ownership of any OGM rights they acquired; (ii) that all OGM rights that Plaintiff, Michael Raven and/or Michael Schreiner acquired would be titled in the name of Brenco Oil, Inc.; and, (iii) Plaintiff, Michael Raven would become a one-half of owner of Brenco Oil, Inc.

15.     While Brenda Schreiner was designated to act as the President of Brenco Oil, Inc., Michael Schreiner acted as a de facto President of Brenco Oil, Inc. by managing and exercising control over Brenco Oil, Inc.'s day to day affairs and finances. Michael Schreiner, and Brenda Schreiner told Plaintiff, Michael Raven that Brenda Schreiner was designated to act as the President of Brenco Oil, Inc. due to an ongoing lawsuit against Non-Party, Schreiner Oil, of which Michael Schreiner was the owner-operator.

16.     In or around 2012, Michael Schreiner introduced Plaintiff, Michael Raven to Defendant, David Beule, who advised and assisted Plaintiff, Michael Raven on to the formation of Plaintiff, Loyola Energy LLC and on the formation of a trust entity.

17.     In 2012, the first significant revenue from Plaintiff, Michael Raven and Michael Schreiner business affairs began, with payments being split between Plaintiff, Michael Raven and Michael Schreiner, through the respective entities, i.e., through Plaintiff, Loyola Energy, Inc. and Brenco Oil, Inc., respectively.

18.     However, starting in or about May 2013, funds from another project – Hill – began to be paid directly to Brenco; Michael Schreiner, and Brenda Schreiner only paid approximately 40-60% of the payments due to Plaintiffs on the Hill Project and deceived Plaintiffs into believing that the partial payments were complete payments as Plaintiff, Michael Raven did not receive complete access to Brenco Oil, Inc.'s financial records and bank accounts until in or around 2017.

8

19.     In or around April 2014, Michael Schreiner, and Brenda Schreiner, finally issued Plaintiff, Michael Raven the stock certificates in Brenco Oil, Inc., as well as filing the appropriate documentation with the State identifying Plaintiff, Michael Raven as a shareholder and officer.

20.     Similarly, Michael Schreiner and Brenda Schreiner represented to Plaintiffs that the Ohio Projects had not been profitable; when in fact the Ohio Projects were profitable and Michael Schreiner and Brenda Schreiner hid the funds from Plaintiffs.

21.     In or around Summer 2016, after numerous demands for same, Plaintiff, Michael Raven obtained a limited set of financial records from Brenco Oil, Inc., via an apparently accidental emailing; however, he did not receive full access until in or around mid-2017.

22.     In or around Summer 2016, Plaintiff also learned that Michael Schreiner and Brenda Schreiner had engaged third parties in various new entities involving various OGM rights in violation of their Business Arrangement.; i.e., that Michael Schreiner and Brenda Schreiner were directly competing with Plaintiff, Michael Raven and Brenco Oil, Inc.

23.     Upon review of the financial records of Brenco Oil, Inc., Plaintiff became significantly concerned as the financial records indicated that Michael Schreiner, and Brenda Schreiner were making significantly greater distributions to themselves than Plaintiff, Michael Raven.

24.     Upon confrontation in or around May 2017, Michael Schreiner, and Brenda Schreiner (i) stopped all further distributions to Plaintiff, Michael Raven; (ii) closed Brenco Oil, Inc.'s bank accounts and transferred the funds into new accounts; and (iii) took other steps to establish further control over Brenco Oil, Inc. – all to conceal their malfeasance. Ultimately, litigation followed.

### DEFENDANT ELKUS' INVOLVEMENT

9

Case ID: 210601332

25.     In 2012, Defendant, Lawrence Elkus formed a joint venture business relationship with Brenco, as to OGMs he had acquired interests in from the Proctor and Hill families. Raven performed title abstracting for Brenco and Elkus's benefit, in exchange for genealogical and other information and a noncompete with Elkus/Lancaster. A 2012 suit against Brenco and Lancaster alleged Schreiner was buying out people who were not true Hill heirs. Elkus helped defend it, saying the suit was meritless; Raven thus continued to invest money and work into Brenco. But in fact, what the suit alleged was true.

26.     In 2016, Brenco was threatened with suit by Texans to whom it had sold the Hill OGMs, as Schreiner had paid many people for Hill minerals who were not actually Hill heirs, then sold these invalid interests from Brenco to the Texas securities dealers, while the true owners were being acquired by another LLC represented by the same attorney Schreiner and Elkus were working with on behalf of Brenco;

27.     Beginning in or around April 2017, Michael Schreiner advised Plaintiff, Michael Raven that Defendant, Elkus, had volunteered to represent them and Brenco Oil, Inc. as counsel in the Texas lawsuit ("The Texas Action") over the Hill project, which Defendant, Elkus had been involved in. Defendant, Elkus initially represented Raven as well as Michael Schreiner and Brenco Oil, Inc. Brenco Oil, Inc. paid Defendant, Elkus a total of approximately $107,000 in 2017 and approximately $128,232 in 2018. Further, Brenco Oil, Inc. caused Defendant, Elkus to be paid an $75,000 from the settlement proceeds in a suit against the attorney involved in the Hill acquisition (the "Pennsylvania Action"), in which Elkus allowed dismissal of claims Raven sought to investigate as to how the other LLC came to acquire the true Hill OGM interests.

28.     During the Texas Action, Defendant, Elkus had represented Plaintiff, Michael Raven but was secretly negotiating with Michael Schreiner, and Brenda Schreiner without represented

Case ID: 210601332

Plaintiff, Michael Raven's knowledge or involvement. Defendant, Elkus had reportedly signed a retainer agreement with Michael Schreiner, and Brenda Schreiner on behalf of Brenco Oil, Inc. without Plaintiff, Michael Raven's knowledge, despite Plaintiff, Michael Raven being half owner and officer.

29.     Defendant, Elkus, through Lancaster, had acquired a 50-70% Fee Simple Determinable Interest in the OGM rights that Brenco Oil, Inc. was purchasing, and despite the noncompete, was involved in acquiring further interests secretly. At all material times, Defendant, Elkus had a clear conflict of interest with respect to Brenco Oil, Inc.'s business dealings as Elkus were a potential adversarial party, which caused Plaintiff, Michael Raven to object to continued representation.

30.     In cooperation with Michael Schreiner, and Brenda Schreiner, Defendant-Attorney Elkus created an after-the-fact paper trail to conceal Michael Schreiner, and Brenda Schreiner's malfeasance.

31.     In 2017, Defendant, Elkus created corporate bylaws for Brenco Oil, Inc., which Defendant, Elkus backdated to the inception of Brenco Oil, Inc. One such purpose was to create a provision that a meeting of shareholders could only be called by someone holding 51% of the stock or 40% of the board of directors. This was for the purpose of preventing Plaintiff, Michael Raven from having the standing to object to Defendant, Elkus' continued representation.

32.     In 2017, Defendant, Elkus then created documents purporting to appoint Michael Schreiner, and Brenda Schreiner as Board Members in an effort to exclude Plaintiff, Michael Raven from participating in the management of Brenco Oil, Inc, of which Plaintiff, Michael Raven was a 50% owner.

33.     Further, Defendant, Elkus drafted a "Corporate Resolution", which he dated July 19,

Case ID: 210601332

2017; the effect of which was an attempt to "prove" that Plaintiff only became a shareholder of Brenco Oil, Inc. in April 2014.

34.     In exchange for his wrongdoing, Brenco Oil, Inc. through Defendants, Michael Schreiner and Brenda Schreiner, aided Defendant, Elkus' pursuit of a certain project that Brenco Oil, Inc. was previously pursuing by providing Defendant, Elkus access to intellectual property developed by Plaintiff, Michael Raven on behalf of Brenco Oil, Inc. and Plaintiff, Loyola Energy, Inc. and by not competing with Elkus and Chief through Brenco Oil, Inc.

35.     Further, in 2017, Defendant, Elkus drafted two employment contracts between Brenco Oil, Inc. and Michael Schreiner, both backdated, in an effort to justify excessive distributions paid to Michael Schreiner.

### INTERIM SETTLEMENT AND STANDSTILL AGREEMENT

36.     In 2018, in retaliation for the lawsuit filed by Plaintiffs against the Schreiners, the Schreiners' business partner, non-party Chris Banik, filed a frivolous suit against Raven and his parents, who had loaned money to Raven to start Brenco's projects and were in poor health. Defendants had also begun sending confusing, inaccurate tax forms to Raven so that his CPA could not file his tax returns and sent an email admitting to a $4.3 million error in Brenco's 2014 return; Defendants said they would only correct these issues if Raven would agree to settle their proposal to mediate.

37.     Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner, and Brenda Schreiner, among others, agreed to mediate the matter before Non-Party, Kevin T. Ahern, Esquire.

38.     As a result of the initiation mediation, on or about September 6, 2018, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner, and Brenda Schreiner, among others,

Case ID: 210601332

entered into an Interim Settlement and Standstill Agreement. *See generally* Exhibit A (the

"Interim Settlement and Standstill Agreement").

39.      Among other things, the Interim Settlement and Standstill Agreement:

     a.   Constituted a settlement between Plaintiffs, Michael Raven and Loyola Energy,

        Inc. and Michael Schreiner, and Brenda Schreiner concerning various claims

        "from the beginning of time through and including the Effective Date", which

        was defined as September 6, 2018;

     b.   Released any claims Plaintiffs, Michael Raven and Loyola Energy, Inc. may have

        possessed against Defendants, Larry Elkus, Esquire and David T. Buele, C.P.A.

        "from the beginning of time through and including the Effective Date", which

        was defined as September 6, 2018;

     c.   Preserved certain specific claims between Plaintiffs, Michael Raven and Loyola

        Energy, Inc. and Michael Schreiner, and Brenda Schreiner that would be subject

        to ongoing mediation and potentially arbitration before Non-Party, Kevin T.

        Ahern, Esquire.

*See* Exhibit A, Pages 1, 2, 7-11.

40.      The Interim Settlement and Standstill Agreement preserved the following "Open Issues"

to be subject to ongoing mediation and potentially arbitration before Non-Party, Kevin T. Ahern,

Esquire:

     a.   The amounts of over/under Distributions, payments and/or dividends

        ("Distributions") to or for the benefit of Brenda and/or to or for Raven

        between January 1, 2012, and the Effective Date;

     b.   The propriety of Brann Williams legal invoices paid by the

13

Company;

c.  The Company's OGM rights purchased and sold or otherwise assigned

between May 30, 2013, and the Effective Date; and,

d.  Whether the Company accountant should be authorized and directed to

amend Raven's 2016 K-1 to Loyola as the shareholder after consultation

between the Company accountant and Raven's accountant consistent with

the Company's books and records.

*See* Exhibit A, Page 2.

41.     Further, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner and

Brenda Schreiner agreed in the Interim Settlement and Standstill Agreement that "Raven, either

individually or through Loyola, has been the owner of 50% of the stock of the Company", i.e.,

Brenco Oil, Inc.

42.     Further still, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner

and Brenda Schreiner agreed in the Interim Settlement and Standstill Agreement that a "forensic

investigation" by a "neutral third party (sic) forensic accountant" would be performed with

regards to the financial records of Brenco Oil, Inc. for the period of January 1, 2012, through

September 6, 2018 – should they not be able to resolve the matter amicably within ninety days.

*See* Exhibit A, Page 3.

43.     The Agreement also called for the parties to grant mutual releases within 30 days.

However, Defendants delayed the dismissal of the suit against Raven's parents, while Elkus

pressured Raven to grant a release to non-party Middle Run Development, and Raven's father

suffered an ultimately fatal heart attack on October 18, 2018, and later died in a Pennsylvania

Hospital. Defendants then completed the releases.

14

Case ID: 210601332

44.     Finally, the Agreement called for the Arbitrator to determine whether Elkus should be allowed to continue his representation of the parties in the Texas Action, which the Defendants wanted Elkus to do, despite his obvious conflicts of interest, and they persuaded the Arbitrator to allow him to do so.

45.     Elkus persuaded the Arbitrator that he had no conflict of interest in the Texas action, and he and Mike Schreiner negotiated a settlement under which Brenco paid $1.1 million, and Elkus's company and Middle Run Development, LLC, an affiliate of Schreiner which had some liability in the Hill matter, paid nothing, and no mention was made of Elkus's involvement in the improper Hill acquisition.

46.     In furtherance of the settlement discussions, Defendant, Elkus – acting at the attorney for Brenco Oil, Inc. – prepared a reconciliation for Brenco Oil, Inc. for the relevant time period. As Defendant, Elkus was retained by Brenco Oil, Inc., which was equally owned by Plaintiff, Michael Raven and Michael Schreiner, Defendant, Elkus owed a fiduciary duty to Brenco Oil, Inc., and in turn both Plaintiff, Michael Raven and Michael Schreiner, to provide an accurate and truthful reconciliation.

47.     On or about February 6, 2019, Defendant, Elkus, on behalf of Brenco Oil, Inc. provided Non-Party, Kevin T. Ahern, Esquire and the parties to the mediation, with the "Brenco Oil Reconciliation."

48.     Despite his fiduciary duties, Defendant, Elkus served only the interests of Michael Schreiner in preparing a false and misleading Brenco Oil Reconciliation that purportedly showed that Plaintiff, Michael Raven was received $850,808.51 greater distributions that Defendants, Michael and Brenda Schreiner. Defendant, Elkus intentionally concealed payments to Michael and Brenda Schreiner; including by characterizing their purchase of a residential home in

15

Case ID: 210601332

Scottsdale, Arizona as a purchase of mineral rights in Pennsylvania.

49.     Non-Party, Kevin T. Ahern, Esquire, believing Elkus and Beule's claims about Raven not being involved in Brenco operations, conducted two hearings in which he allowed testimony from the Schreiners without the opportunity for testimony from Plaintiff, Michael Raven, one in October 2018 which Raven's counsel was advised was to have been an attorney and CPAs only conference, the second held the day after Raven's father died from complications from the October 2018 heart attack, and told Raven he could not testify about several issues at the September 2019 hearing, that Elkus had falsely asserted Raven had not been involved in.

### FIRST AMENDMENT TO THE INTERIM SETTLEMENT AND STANDSTILL AGREEMENT

50.     On or about February 21, 2019, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner, and Brenda Schreiner, among others, entered into First Amendment to the Interim Settlement and Standstill Agreement. *See generally* Exhibit B (the "First Amendment").

51.     The First Amendment was entered into as Defendant, David T. Buele, C.P.A., in his capacity as the accountant of Brenco Oil, Inc., had advised Plaintiff, Michael Raven, and Michael Schreiner and Brenda Schreiner of "some very unfavorable tax consequences associated with the Ohio Building Sale, if the Open Issues were not resolve before the scheduled closing date of the Ohio Building Sale on March 15, 2019." *See* Exhibit B, Page 2.

52.     As a result, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner, and Brenda Schreiner "recognized that the looming Closing Date will not, in practical and realistic terms, permit the Open Issues to be determined utilizing the forensic investigation process… and the formal arbitration hearing and process." *See* Exhibit B, Page 2.

53.     As a result, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner, and Brenda Schreiner dispensed with the forensic accounting and the formal arbitration process;

Case ID: 210601332

instead taking a "hybrid dispute resolution" process in which the mediator, Non-Party, Kevin T. Ahern, Esquire, would determine all Open Issues. *See* Exhibit B, Pages 2-3.

54.     Further, the Amendment promised the mediation/arbitration would effectively end on March 15th, 2019 – in the January 2018 Order, the Arbitrator ruled the Schreiners did not have to pay Raven as agreed in the 2018 Agreement, and Raven wanted to end the contentious process, in which the Arbitrator had consistently yelled at him because of the Schreiners and Elkus's wild accusations about his alleged misconduct; in reliance thereon, Raven purchased a house in Pennsylvania, which he was forced to sell in 2020 when the arbitration was in fact not concluded.

55.     In the First Amendment, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael Schreiner and Brenda Schreiner designated the Open Issues with greater specificity. *See* Exhibit B, Pages 4-6.

56.     In the First Amendment, Michael Schreiner and Brenda Schreiner "adopted the Brenco Oil Reconciliation" knowing that the document concealed their malfeasance. *See* Exhibit B, Page 6.

57.     Defendants Elkus, Law Office of Lawrence M. Elkus, P.C., Beule, Appalachian Basin CPA's Inc., and Chief Exploration and Development were not parties to the arbitration and were not signatories to the February 2019 Amendment.

**THE SHAM BRENCO OIL RECONCILIATION**

58.     The Brenco Oil Reconciliation was a sham for, *inter alia*, the following reasons:

      a.  Defendants falsely alleged that Plaintiffs were not involved with the Business Arrangement or Brenco Oil, Inc. until April 2014, thereby justifying that approximately $4 million in additional distributions that Michael Schreiner and

17

Brenda Schreiner took out of Brenco Oil, Inc. between May 2013 and April 2014;

b.  Defendants falsely included significant, personal expenses, including for travel, dining, jewelry, clothing, and cars of Michael Schreiner and Brenda Schreiner that served no legitimate business purpose as business expenses; and,

c.  Defendants falsely included as expenses a $600,000 distribution to Michael Schreiner and Brenda Schreiner's children, which they had previously admitted were personal distributions.

59.    As a result, Plaintiffs provided a rebuttal to the Schreiners-Adopted Brenco Oil Reconciliation, which used the Schreiners-Adopted Brenco Oil Reconciliation as a starting point, and then identified errors and omissions therein to come up with a new adjustment figure.

60.    In response, on or about March 3, 2019, Defendant, Elkus – still in his position as the attorney for Brenco Oil, Inc. and being paid by Brenco Oil, Inc. – provided Michael Schreiner and Brenda Schreiner's rebuttal to Plaintiffs' position.

61.    After the clear errors and omissions were identified again, Defendant, Elkus claimed that the errors and omissions were due to a change in accounting methods.

62.    As a result, on or about March 26, 2019, Defendant, Elkus provided a completely new reconciliation (the "New Reconciliation") on behalf Michael Schreiner and Brenda Schreiner despite his position as the counsel for, and being paid by, Brenco Oil, Inc. In the New Reconciliation, Defendant, Elkus took the underlying QuickBooks data, and then allocated it into columns of his own making, which concealed the distributions made to Michael Schreiner and Brenda Schreiner, and their children, in a different manner.

63.    After repeated delays, which coincided with the timing of Elkus and Chief pursuing the Proctor acquisition using Brenco's data, Elkus, Beule and the Schreiners attended a hearing in

18

September 2019. They had stipulated in a telephonic pretrial that the February 6, 2019,

Reconciliation would be the basis for their arguments and discussions at the hearing.

64.       On day 1 of the hearing, they presented their arguments as if the February 6

reconciliation controlled the hearing. However, on day 2, they retracted the February 6

reconciliation and all prior admissions as to financial issues and presented the March

reconciliation. The arbitrator told Raven's forensic accountant in the hallway during a break that

he was very confused by the changes.

### THE 1031-EXCHANGE OF THE OHIO BUILDING

65.       In the First Amendment, Plaintiffs, Michael Raven and Loyola Energy, Inc. and Michael

Schreiner and Brenda Schreiner, among others, agreed that the "Ohio Building Sale is to be

structured as a 1031 exchange for the benefit of Raven and Brenda Schreiner". The First

Amendment went on to describe a sophisticated 1031 exchange structure.

66.       The agreement to structure the sale of the Ohio Building as a 1031 exchange was a

significant and material factor in the resolution as it caused Plaintiffs to change the structure of

the mediation and arbitration process. *See* Exhibit B, Pages 1-2.

67.       Plaintiffs, Michael Raven and Loyola Energy, Inc. agreed to the structure of the sale of

the Ohio Building as a 1031 exchange, after consultation with their counsel and accountants,

which was based upon an affirmative false representation by Defendants, Beule and Elkus.

68.       At all material times before 2016, Brenco Oil, Inc. had filed its federal tax returns with a

designation of C-Corporation that elected Subchapter S treatment. A 1031 "drop and swap"

exchange, as described in the First Amendment, cannot be completed by a C-Corporation.

69.       However, Defendants, Beule and Elkus, working in concert with Michael Schreiner and

Brenda Schreiner, affirmatively, fraudulently, and recklessly represented to Plaintiffs that

19

Defendants, Beule and Elkus had conferred with the Internal Revenue Service and had received authorization to change Brenco Oil, Inc. designation for federal tax purposes to a partnership.

70.     Plaintiffs justifiably relied upon the foregoing representation by Defendants, Beule and Elkus, made in concert with Michael Schreiner and Brenda Schreiner.

71.     However, Plaintiffs have since learned that the foregoing representation was false; the Internal Revenue Service did not provide authorization for Brenco Oil, Inc. to change its designation for federal tax purposes to a partnership; nor is such a change in designation possible.

72.     As a result, Plaintiff, Michael Raven agreed to the 1031 exchange to his significant financial detriment; Plaintiff, Michael Raven has recently learned that he may have a six-figure tax burden as a result.

### REFUSAL TO COOPERATE

73.     Plaintiffs Michael Raven and Loyola Energy, Inc. have been unable to file their federal tax returns since tax year 2015 because of the discrepancies and disputes arising out of Brenco Oil, Inc.

74.     Defendants Beule and non-party Schreiners prepared Brenco Oil, Inc.'s 2015 tax return to reflect that Plaintiff, Loyola Energy, Inc. was the one-half owner of it, but prepared Brenco's subsequent returns to show that Raven was half owner and that Loyola's accounts receivable had been transferred to Raven – a potentially taxable event not authorized by Raven.

75.     Defendants Beule and non-party Schreiners apparently prepared and filed with the IRS a 2016 Tax Return for Loyola without Raven's knowledge or authorization, concealed this from Raven throughout the mediation and arbitration, and are refusing to turn it over to Raven; what information Raven has learned (from the IRS) causes Raven to believe Beule and the Schreiners

20

Case ID: 210601332

underreported Loyola's income on this return by over $20,000.

76.     Plaintiff, Loyola Energy, Inc. requires certain financial and tax information that is in the possession of Defendants to appropriately characterize the distributions it received from Brenco Oil, Inc. to file its 2016-2020 federal tax returns.

77.     To date, Michael Schreiner, Brenda Schreiner, David T. Buele, C.P.A., and Appalachian Basin CPA's, Inc. have refused to cooperate with Plaintiffs and their counsel and accounts in providing the necessary financial and tax information despite the affirmative obligation to do so set forth in the Interim Settlement and Standstill Agreement and their ethical and professional duties. *See* Exhibit A, Page 3.

78.     As a further result, Plaintiff, Michael Raven has been unable to file his 2017-2020 federal tax returns.

79.     Further still, Defendants, David T. Buele, C.P.A., and Appalachian Basin CPA's, Inc. have refused to provide the documents supporting the $700,000 basis that they represented to Plaintiff, Michael Raven that he possessed in Brenco Oil, Inc; or provide any explanation or calculation for the basis. The $700,000 basis was a material fact that Plaintiff relied upon in accepting the ultimate agreement.

### BRENCO SHARE REDEMPTION AGREEMENT

80.     On or about March 17, 2020, Plaintiff, Michael Raven and Brenda Schreiner and Brenco Oil, Inc. entered a Brenco Share Redemption Agreement, in which they agreed to a redemption of Plaintiff, Michael Raven's shares in Brenco Oil, Inc. in exchange for $2,250,000. *See generally* Exhibit C ("Share Redemption Agreement").

81.     The parties had *ex parte* communications with the arbitrator so Raven does not know when inaccurate statements began to be made, but in March 2019, Elkus sent a collection of

Case ID: 210601332

letters to the arbitrator that made claims and accusations against Raven that Elkus knew and should have known were false, based on Elkus's activities in the Oil and Gas industry. It appears Elkus also misled the Arbitrator about his 2002 to 2008 acquisitions of interests in every parcel Brenco acquired during the Hill project, instead allowing the Schreiners to claim and the Arbitrator to believe that he had not, that the parcels were somehow a trade secret Raven had stolen knowledge of from Elexco or some other client; Elkus claimed Raven was really a practicing lawyer and was lying about his industry experience and his work for Brenco.

82.     Elkus, Beule and the Schreiners made it appear Raven had was not involved in Brenco's operations, when in fact Raven had performed title abstracting as to every project Brenco pursued from 2010 to 2016 and performed other work such as lease acquisitions and mapping; all but two of Brenco's projects were initiated by Raven and used Raven's prior industry contacts, but Defendants made it appear this was not the case.

83.     Because Elkus and Beule lied about Raven's involvement, the arbitrator refused to allow Raven to testify about the work he performed, ruled all his evidence as "not credible" ; Loyola was not compensated for the tens of thousands of dollars in abstracting and attorney's fees it had paid, and Schreiner was allowed to keep over $500,000 in embezzled funds based on the assertion that he was the only one doing work and not Raven;

84.     Elkus and Beule also misled the arbitrator about the nature of Brenco's operations, claiming it was involved in drilling oil wells. Schreiner's oil company, Schreiner Oil, was being sued over a fracking accident from 2009, the year before he met Raven. Schreiner had used over $400,000 of embezzled funds to pay for the cleanup and for fines owed to the Commonwealth. Elkus and Beule helped persuade the arbitrator that these costs were directly related to Brenco's activities, which were in fact limited to buying and leasing mineral reservations.

Case ID: 210601332

85.    Elkus appeared to have misled the Arbitrator about the nature and extent of his involvement in Brenco's activities and his possibly culpability for the Texas liability, so that the Arbitrator believed he was merely an industry expert hired by Brenco for the Arbitration, and ordered that Raven owed half Elkus's fees.

86.    During the 2018 Mediation, Raven had sought a warranty from Elkus and Schreiner that they had not profited from the Michigan LLC somehow discovering the opportunities to compete with Brenco as to the Hill, Innes and DOGA acquisitions. Somehow, the final agreement was changed to say that Elkus and Schreiner were only warranting that they were not the owners of the LLC.

87.    In or around 2011, Raven considered Terminating his relationship with Schreiner, who had been unable to contribute much work to the Innes lease acquisition project, due to, (Schreiner said) his being tied up with the lawsuit over Schreiner Oil's fracking accident.

88.    Schreiner knew Raven wanted to move to Ohio to be close to his son but had not been able to find work there. Schreiner introduced Raven to non-party, Luke Thompson, and to Chuck Kendall, who were involved in Oil and Gas activities in Ohio, in exchange for Raven continuing the partnership with Schreiner and pursuing the Hill project with him

89.    Raven went on to develop or work on several projects in Ohio on behalf of Brenco, which Schreiner told Raven never generated any income, but which non-party Luke Thompson confided in Raven had in fact paid Schreiner substantial sums and for which there are recorded documents showing Defendants sold leases acquired by Brenco as to parcels abstracted by Raven.

**CHIEF**

23

91.     Chief --- is a multibillion-dollar Oil company whose founder and CEO was Elkus's law school classmate and to which Elkus assigns most of the Oil and Gas leases he acquires through his company, Defendant, Lancaster. Through manipulation, Schreiner, caused Brenco to only market its Hill OGM interests to Chief and not to Chief's competitors as Raven sought to do

92.     In 2012, after Chief entered into an unrecorded agreement with Elkus and Brenco to acquire interests in Lancaster and Brenco's Hill heir minerals, Chesapeake Energy filed an action in Bradford County Orphans Court, under Pennsylvania's Dormant Oil and Gas Act, alleging that Brenco was recording deeds purporting to convey Hill their interests in the OGMS which were from people who were in fact not Hill heirs and owned nothing.

93.     Chief was the direct beneficiary of perjurious affidavits prepared by Schreiner and Elkus and filed in the Bradford County Court which led to the dismissal of Chesapeake's suit, and the Court also invalidated a lease of 100,240 acres of OGMs secured by Chesapeake, and paved the way for Chief to lease said interests from Elkus, Brenco and the LLC which was buying out the true interests while Elkus and Schreiner bought out the fake Hill heirs using Raven's $463,500 and Brenco's revenue of which Raven owned 50%.

94.     In 2015, after the expiration of the noncompete agreement between Elkus and Brenco, Raven began examining title to the OGMs owned by Elkus's company, Defendant, Lancaster, which it had assigned in part to Chief, as Raven had noticed errors in Defendant, Lancaster's lease, and Lease Extension, and because of affidavits located by Raven which asserted the Leases did not encumber the percent ownership of OGMs asserted by Defendants, Lancaster and non-party Chief.

24

95.     Raven approached Chief's primary competitor in the Marcellus region, Chesapeake Energy, but they were having financial issues and suggested Raven do further work on the project before they would consider it, and Raven hired an attorney to assist him in this.

96.     In early 2016, Schreiner, contacted a subcontractor Raven had hired to help examine the Proctor interests, and told him to stop working on that project.

97.     In June 2017, the mineral owners Elkus had leased through Defendant Lancaster, who Raven had been examining and planning to lease, filed suit against Lancaster in US District Court, pursuant to one of the defects Raven had located.

98.     Shortly thereafter, Elkus and Schreiner seized control of Brenco and cut off Raven's income, and began inundating Raven with demands, so that Raven was unable to continue paying the attorney to assist with the Proctor project and was distracted from the project by his efforts to protect his interests in Brenco.

99.     As set forth above, Plaintiff Raven had commenced a project in 2015 to examine the interests owned by Defendant Lancaster and assigned in part to Chief (the "Proctor Project").


100.    In 2016 Schreiner shut down part of the project without warning, and Raven became aware of embezzlement and other malfeasance, and he and Brenco were threatened with suit.

101.    In July 2018, Brenco's outside counsel copied Raven on an email response to Mike Schreiner's request for data Raven and the attorney had developed as to what mineral interests Brenco owned a small fractional interest in, and which Defendant Lancaster had previously leased fifty (50) to Seventy (70) percent of and assigned in part to Chief, were free from the Title Washing issue.

Case ID: 210601332

102.    Raven asked Schreiner why he wanted the data and Schreiner gave an explanation that

Raven knew to be false. Realizing that the data would be valuable to Elkus and was the final

collection of data that Elkus had originally sought from Raven under the 2012 JV agreement,

Raven began expressing objections to Elkus having access to such data, or requesting that in the

alternative, Elkus share in the cost of acquiring or analyzing the data any further.

February 27, 2105.  Raven and the Schreiners signed a final settlement around March 2020,

ending the arbitration.

106.    Post-settlement, around March 2020, shortly after Raven signed the settlement,

Defendant Elkus and non-party Chief recorded documents in several Pennsylvania Counties

including Bradford and Sullivan showing that they had completed the acquisition of the most

valuable mineral interests owned by the Proctor family, which were the interests Raven had

sought to pursue via Brenco with Chesapeake Energy or some other operator.

107.    On March 23, 2020, Defendant Elkus recorded on behalf of Defendant Lancaster a

release effective February 25th, 2020 – 2 days before the Schreiners' counsel called Raven's

counsel to commence final settlement talks.

108.    On March 25, 2020, Chief recorded at Instrument Number 202003130 of the Bradford

County PA Records, a document showing that on June 19, 2019 – the same date proposed by the

Arbitrator as the first day the delayed arbitration could recommence. Chief and the Proctors

entered into a preliminary lease agreement. In other words, the timing of the filings shows that

the arbitration and the delays and turmoil caused by Elkus were used to tie up and distract Raven

while Elkus and Chief pursued the Proctor Project.

109.    It appears Chief used the data developed by Raven and accessed by Schreiner in July

2018 in that Chief avoided acquiring interests in any parcel Raven had identified as having title

Case ID: 210601332

issues except for one in which Elkus had previously said Chief knew had been title washed but had some reason for wanting anyway.

110.    The approximate value of the parcels acquired by Chief, for stock purposes is $190 million. The benefit Chief received by having access to Raven's data as to which parcels to not purchase, is estimated, depending on per-acre acquisition costs, to be at least $30 million.

111.    Plaintiff Ellicott Inc., d/b/a Ellicott LLC, is the owner of a fractional interest in certain parcels of Oil and Gas rights located in Bradford and Sullivan Counties, Pennsylvania, as set forth in a deed recorded in Bradford County at Instrument Number 201405183.

112.    Said deed conveys to Plaintiff Ellicott interests in parcels which are part of drilling units formed by Chief, and under which parcels Chief has conducted drilling operations and has been producing gas.

113.    Chief has not paid Ellicott for Ellicott's share of the gas produced from the wells in the drilling units.

114.    In September 2020, Plaintiff Raven contacted Chief and sent a copy of said deed in October 2020. Chief's Landman Jessica White asked how Raven had acquired the interests and Raven briefly explained, citing to Elkus. Chief's landman said she would investigate but despite follow ups by Raven, she did not respond.

115.    Chief has not asserted any defense to paying Ellicott.

116.    The refusal to pay Ellicott by Chief, whose founder and CEO was Elkus's Law School classmate, is consistent with Elkus's past tactics of attempting to deny Raven income or assets which he could employ to fund litigation against Elkus and Schreiner

**III.    COUNTS OF ACTION**

**COUNT I**
**LEGAL MALPRACTICE/ SIMPLE NEGLIGENCE/ PROFESSIONAL NEGLIGENCE**

Case ID: 210601332

**(Plaintiffs v. all Defendants)**

117.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

118.    Defendants owed Plaintiffs a duty of care.

119.    At all times material, Defendants breached their duty of care to Plaintiffs, acting intentionally, recklessly, negligently, and/or carelessly, and in the following regards, respectively:

      a.   Falsely representing that Defendants could execute a 1031 exchange and falsely designating Breno Oil as a C-Corporation, causing Plaintiffs a six-figure tax burden;

      b.   Concealing tax information from Plaintiffs despite an affirmative obligation to cooperate with Plaintiffs, causing Plaintiffs to be unable to file tax returns for several years;

      c.   Withholding material information, and providing false information on which Plaintiffs relied prior to settling with non-parties, the Schreiners and Brenco Oil, Inc.;

      d.   Producing perjeruce affidavits which allowed defendants to lease mineral interests to Chief;

      e.   Refusing to pay Plaintiffs for their interest in mineral rights;

      f.   Defendants had a conflict of interest;

      g.   Defendants conspiring against Plaintiffs and defrauded Plaintiffs;

      h.   Defendants failed to act in the best interest of Plaintiffs;

      i.   Defendants failed to provide appropriate and necessary legal/professional advice and services; and,

      j.   Other conduct that deviated from the applicable standard of care.

120.    As a direct and proximate result of Defendants Attorneys' malpractice aforesaid, Plaintiffs were harmed and suffered significant damages, as well as other consequential and

Case ID: 210601332

incidental damages.

121.    Defendants knew or should have known that their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

122.    Defendants acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (Plaintiffs v. all Defendants)

123.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

124.    Plaintiffs and Defendants had a fiduciary relationship.

125.    Defendants breached their fiduciary duties owed to Plaintiffs, as more fully set forth above, and also acted in a violation of the Pennsylvania Rules of Professional Conduct.

126.    As a direct and proximate result of Defendants' breach of fiduciary duty aforesaid, Plaintiffs has been harmed and continues to be harmed, and has incurred significant damages, as well as other consequential damages.

127.    Defendants knew or should have known their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

128.    Defendants acted in reckless indifference to the consequences of their actions.

29

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

**COUNT III**
**BREACH OF CONTRACT**
**(Plaintiffs v. all Defendants)**

129.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

130.    Plaintiffs and Defendants entered into a contract for legal services.

131.    Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

132.    As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiffs have been damaged (as set forth above).

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.

**COUNT IV**
**Breach of Contract/Quasi-Contract/Unjust Enrichment/Promissory Estoppel**
**(Plaintiffs v. all Defendants)**

133.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

134.    Defendants' aforementioned misconduct constitutes a breach of the contract(s), express,

30

implied, and as a matter of law.

135.    As a direct and proximate result of the aforesaid breach of the agreement, Plaintiffs have

been damaged as set forth above.

    **WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for

an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and

costs, punitive damages, plus other relief which this Honorable Court deems necessary and just,

including injunctive relief.

## COUNT V
### Third-Party Beneficiary
### (Plaintiffs v. all Defendants)

136.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length

herein.

137.    Plaintiffs were a third-party or otherwise beneficiaries under a contract(s) between the

parties.

138.    The aforesaid misconduct of Defendants constitutes a breach of contract and/or warranty,

express and/or implied at law.

    **WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for

an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and

costs, punitive damages, plus other relief which this Honorable Court deems necessary and just,

including injunctive relief.

## COUNT VI
### Tortious Interference with Contractual Relationship/Economic Expectancy/Loss of Opportunity
### (Plaintiffs v. all Defendants)

139.    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length

herein.

31

140. Defendants' aforementioned misconduct constitutes a tortious interference as a matter of law.

141.    As a direct and proximate result of the aforesaid breach of the agreement, Plaintiffs have been damaged as set forth above.

  **WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit, reasonable attorney's fees and costs, punitive damages, plus other relief which this Honorable Court deems necessary and just, including injunctive relief.


                                          Respectfully submitted,

**WEISBERG LAW**                          **SCHAFKOPF LAW, LLC**

 /s/ Matthew B. Weisberg                   /s/ Gary Schafkopf
Matthew B. Weisberg, Esquire              Gary Schafkopf, Esquire
David Berlin, Esquire                     *Attorney for Plaintiffs*
*Attorneys for Plaintiffs*

Case ID: 210601332

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No. 85570
David Berlin
Attorney Id. No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| **MICHAEL RAVEN**, et al. | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | Docket No.: 210601332 |
| **LARRY ELKUS, ESQ.** et al. | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 5th day of April 2022, a true and correct copy of the foregoing First Amended Complaint was served via ECF and regular mail on the following parties and/or counsel:

Michael Schreiner and Brenda Schreiner
180 Oakcreek Drive,
Sedona, AZ 86351

Brenco Oil, Inc.
180 Oakcreek Drive,
Sedona, AZ 86351

Larry Elkus, Esquire
d/b/a Lawrence M. Elkus, P.C.
P.O. Box 251145
West Bloomfield, MI   48325

Law Offices Of Lawrence M. Elkus, P.C.
P.O. Box 251145
West Bloomfield, MI   48325

Lancaster Exploration and Development Co., LLC
P.O. Box 251145
West Bloomfield, MI   48325

33

Rockhall Royalty Company, LLC
30833 Northwestern Hwy #204,
Farmington Hills, MI 48334

David T. Buele, CPA
213 Market N, Suite 240,
Canton, OH 44702

Appalachian Basin CPA'S, INC.
213 Market N,
Canton, OH 44702

Chris Banik
1515 Hyde Park $3
Houston, TX 77006

Cheyenne Oil Gas and Minerals, LLC
1515 Hyde Park $3,
Houston, TX 77006

Thunderbird Global
3431 Commerce Parkway, Suite D,
Wooster, OH 44691

Chief Exploration and Development
1720 Sycamore Road.
Montoursville, PA 17754

Chase Energy Group, LLC
7611 Pickett Lane,
Columbus, OH 43234

Middle Run Development, INC.
8888 Darner Road,
Lisbon, OH 44432

Middle Run Development, LTD.
8888 Darner Road,
Lisbon, OH 44432

Middle Run Investments, LLC
P.O. Box 65,
Columbiana, OH 44408

Luther R. Thompson
139 South Main Street

Case ID: 210601332

Columbiana, OH 44408

Schreiner Oil and Gas
1500 Market Ave N, Suite 2,
Canton, OH 44714

CAS Energy, LLC
8737 E. San Vincente Dr.
Scottsdale, AZ 85258

Infinite Strength, LLC
8425 N. 90th St. Suite 3
Scottsdale, AZ 85258

**WEISBERG LAW**

_/s/ David A. Berlin_
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
_Attorneys for Plaintiffs_

35

Exhibit "H"

4/25/22, 3:05 PM
Civil Docket Report

The Philadelphia Courts
**Civil Docket Access**

🛒 No Items in Cart   **LOGOUT**   pfroy1

Civil Docket **Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 210601332 |
| **Case Caption:** | RAVEN ETAL VS SCHREINER ETAL |
| **Filing Date:** | Monday , June 21st, 2021 |
| **Court:** | COMMERCE - COMPLEX, JURY |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | MISC SUMMONS |
| **Status:** | LISTED FOR SETTLEMENT CONF |
| **Cross Reference:** | DC 2022CV00692 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| PROJECTED SETTLEMENT CONF DATE | 02-OCT-2023 09:00 AM | City Hall | CITY HALL COURTROOM 654 | TUCKER, LEON |
| PROJECTED PRE-TRIAL CONF. DATE | 06-NOV-2023 09:00 AM | City Hall | CITY HALL COURTROOM 654 | TUCKER, LEON |
| PROJECTED TRIAL DATE | 04-DEC-2023 09:00 AM | City Hall | CITY HALL COURTROOM 654 | TUCKER, LEON |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | SCHAFKOPF, GARY |
| **Address:** | SCHAFKOPF LAW LLC 11 BALA AVENUE BALA CYNWYD PA 19004 (610)664-5200 gary@schaflaw.com | | **Aliases:** | *none* | |

| 2 | 1 | | PLAINTIFF | RAVEN, MICHAEL |
|---|---|---|---|---|
| **Address:** | PO BOX 292<br>CONNEAUTVILLE PA 16406 | **Aliases:** | *none* | |
| | | | | |
| 3 | 34 | | DEFENDANT | ROCKHALL ROYALTY COMPANY LLC |
| **Address:** | 30833 NORTHWESTERN HWY #204<br>FARMINGTON MI 48334 | **Aliases:** | *none* | |
| | | | | |
| 4 | 36 | | DEFENDANT | BUELE, DAVID T |
| **Address:** | 213 MARKET NORTH<br>SUITE 240<br>CANTON OH 44702 | **Aliases:** | *none* | |
| | | | | |
| 5 | 36 | | DEFENDANT | APPALACHIAN BASIN CPA'S INC |
| **Address:** | 213 MARKET NORTH<br>SUITE 240<br>CANTON OH 44702 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | DEFENDANT | BANIK, CHRIS |
| **Address:** | 1515 HYDE PARK<br>#3<br>HOUSTON TX 77006 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | DEFENDANT | CHEYENNE OIL GAS AND MINERALS LLC |
| **Address:** | 1515 HYDE PARK<br>#3<br>HOUSTON TX 77006 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | DEFENDANT | THUNDERBIRD GLOBAL |
| **Address:** | 3431 COMMERCE PARKWAY<br>SUITE D<br>WOOSTER OH 44691 | **Aliases:** | *none* | |
| | | | | |
| 9 | 29 | | DEFENDANT | CHIEF EXPLORATION |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | AND DEVELOPMENT |
| **Address:** | 1720 SYCAMORE ROAD<br>MONTOURSVILLE PA 17754 | | **Aliases:** | | *none* |
| | | | | | |
| 10 | | | | DEFENDANT | CHASE ENERGY GROUP LLC |
| **Address:** | 7611 PICKETT LANE<br>COLUMBUS OH 43234 | | **Aliases:** | | *none* |
| | | | | | |
| 11 | | | | DEFENDANT | MIDDLE RUN DEVELOPMENT INC |
| **Address:** | 8888 DARNER RD<br>LISBON OH 44432 | | **Aliases:** | | *none* |
| | | | | | |
| 12 | | | | DEFENDANT | MIDDLE RUN DEVELOPMENT LTD |
| **Address:** | 8888 DARNER RD<br>LISBON OH 44432 | | **Aliases:** | | *none* |
| | | | | | |
| 13 | | 1 | | PLAINTIFF | LOYOLA ENERGY LLC |
| **Address:** | PO BOX 292<br>CONNEAUTVILLE PA 16406 | | **Aliases:** | | *none* |
| | | | | | |
| 14 | | | | DEFENDANT | MIDDLE RUN INVESTMENTS LLC |
| **Address:** | PO BOX 65<br>COLUMBIANA OH 44408 | | **Aliases:** | | *none* |
| | | | | | |
| 15 | | | | DEFENDANT | THOMPSON, LUTHER R |
| **Address:** | PO BOX 65<br>COLUMBIANA OH 44408 | | **Aliases:** | | *none* |
| | | | | | |
| 16 | | | | DEFENDANT | SCHREINER OIL AND GAS |
| **Address:** | 1500 MARKET AVE N<br>SUITE 2<br>CANTON OH 44714 | | **Aliases:** | | *none* |
| | | | | | |

| 17 | | | DEFENDANT | CAS ENTERGY LLC |
|---|---|---|---|---|
| **Address:** | 8737 E. SAN VINCENTE DRIVE SCOTTSDALE AZ 85258 | **Aliases:** | *none* | |

| 18 | | | DEFENDANT | INFINITE STRENGTH LLC |
|---|---|---|---|---|
| **Address:** | 8425 N 90TH STREET SUITE 3 SCOTTSDALE AZ 85258 | **Aliases:** | *none* | |

| 19 | | 1 | PLAINTIFF | R DESCENDANTS TRUST |
|---|---|---|---|---|
| **Address:** | PO BOX 292 CONNEAUTVILLE PA 16406 | **Aliases:** | *none* | |

| 20 | | 32 | DEFENDANT | SCHREINER, MICHAEL |
|---|---|---|---|---|
| **Address:** | 180 OAKCREEK DRIVE SEDONA AZ 86351 | **Aliases:** | *none* | |

| 21 | | 32 | DEFENDANT | SCHREINER, BRENDA |
|---|---|---|---|---|
| **Address:** | 180 OAKCREEK DRIVE SEDONA AZ 86351 | **Aliases:** | *none* | |

| 22 | | 32 | DEFENDANT | BRENCO OIL INC |
|---|---|---|---|---|
| **Address:** | 180 OAKCREEK DRIVE SEDONA AZ 86351 | **Aliases:** | *none* | |

| 23 | | 30 | DEFENDANT | ELKUS, LARRY |
|---|---|---|---|---|
| **Address:** | 30833 NORTHWESTERN HWY #204 FARMINGTON MI 48334 | **Aliases:** | LAWRENCE M ELKUS PC | |

| 24 | | 30 | DEFENDANT | LAW OFFICES OF LAWRENCE M ELKUS PC |
|---|---|---|---|---|
| **Address:** | 30833 NORTHWESTERN HWY #204 FARMINGTON MI 48334 | **Aliases:** | *none* | |

| 25 | 30 | | DEFENDANT | LANCASTER EXPLORATION AND DEVELOPMENT COMPANY LLC |
|---|---|---|---|---|
| **Address:** | 30833 NORTHWESTERN HWY #204 FARMINGTON MI 48334 | **Aliases:** | *none* | |

| 26 | | 30-NOV-2021 | TEAM LEADER | ANDERS, DANIEL J |
|---|---|---|---|---|
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 27 | 1 | | ATTORNEY FOR PLAINTIFF | WEISBERG, MATTHEW B |
|---|---|---|---|---|
| **Address:** | WEISBERG LAW, PC 7 S MORTON AVE MORTON PA 19070 (610)690-0801 mweisberg@weisberglawoffices.com | **Aliases:** | *none* | |

| 28 | | 30-MAR-2022 | TEAM LEADER | COHEN, DENIS P |
|---|---|---|---|---|
| **Address:** | 656 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 29 | | | ATTORNEY FOR DEFENDANT | BIBIKOS, GEORGE A |
|---|---|---|---|---|
| **Address:** | 5901 JONESTOWN RD. #6330 HARRISBURG PA 17112-7021 (717)580-5305 gbibikos@gabibikos.com | **Aliases:** | *none* | |

| 30 | | 18-FEB-2022 | ATTORNEY FOR DEFENDANT | MCKEON, KEVIN J |
|---|---|---|---|---|
| **Address:** | HAWKE MCKEON & SNISCAK LLP 100 NORTH 10TH STREET HARRISBURG PA 17101 (717)703-0801 kjmckeon@hmslegal.com | **Aliases:** | *none* | |

| 31 | | 1 | | ATTORNEY FOR PLAINTIFF | BERLIN, DAVID A |
|---|---|---|---|---|---|
| **Address:** | 7 SOUTH MORTON AVENUE MORTON PA 19070 (610)690-0801 dberlin@weisberglawoffices.com | | **Aliases:** | *none* | |

| 32 | | | | ATTORNEY FOR DEFENDANT | NAKONECHNI, PETER |
|---|---|---|---|---|---|
| **Address:** | RUBIN FORTUNATO HARBISON & PC 1200 LIBERTY RIDGE DRIVE SUITE 220 WAYNE PA 19087 (610)408-2035 pnakonechni@rubinfortunato.com | | **Aliases:** | *none* | |

| 33 | | 32 | | ATTORNEY FOR DEFENDANT | HEFFERNAN JR, EDWARD |
|---|---|---|---|---|---|
| **Address:** | RUBIN, FORTUNATO & HARBISON 10 SOUTH LEOPARD ROAD PAOLI PA 19301 (610)408-2021 eheffernan@rubinfortunato.com | | **Aliases:** | *none* | |

| 34 | | | | ATTORNEY FOR DEFENDANT | TROY, PAUL C |
|---|---|---|---|---|---|
| **Address:** | 510 SWEDE ST NORRISTOWN PA 19401 (610)275-2000 ptroy@kanepugh.com | | **Aliases:** | *none* | |

| 35 | | 34 | | ATTORNEY FOR DEFENDANT | ZIMMERMAN, THOMAS J |
|---|---|---|---|---|---|
| **Address:** | KANE PUGH KNOELL TROY KRAMER 510 SWEDE ST NORRISTOWN PA 19401 | | **Aliases:** | *none* | |

| | | | | | |
|---|---|---|---|---|---|
| | (610)275-2000<br>TZIMMERMAN@KANEPUGH.COM | | | | |

| | | | | |
|---|---|---|---|---|
| 36 | | | ATTORNEY<br>FOR<br>DEFENDANT | LAVER, SETH L |
| **Address:** | GOLDBERG SEGALLA LLP<br>1700 MARKET STREET<br>SUITE 1418<br>PHILADELPHIA PA 19103<br>(267)519-6800<br>slaver@goldbergsegalla.com | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 37 | 36 | | ATTORNEY<br>FOR<br>DEFENDANT | KANER, JASON S |
| **Address:** | 1700 MARKET STREET<br>SUITE 1418<br>PHILADELPHIA PA 19103<br>(267)519-6800<br>jkaner@goldbergsegalla.com | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 38 | | 30-MAR-<br>2022 | JUDGE | PADILLA, NINA W |
| **Address:** | 360 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 39 | | | TEAM<br>LEADER | TUCKER, LEON |
| **Address:** | 540 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-7510 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 40 | 33 | | ATTORNEY<br>PRO HAC<br>VICE | HAMILL,<br>CHRISTOPHER G |
| **Address:** | ATKINS, HAMILL &<br>BARROWCLOUGH, PC<br>3550 N CENTRAL AVE STE 1150<br>PHOENIX AZ 85012 | **Aliases:** | *none* | |

## Docket Entries

4/25/22, 3:05 PM

Civil Docket Report

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 21-JUN-2021 12:43 PM | ACTIVE CASE | | | 22-JUN-2021 08:19 AM |
| **Docket Entry:** | E-Filing Number: 2106038862 | | | |
| | | | | |
| 21-JUN-2021 12:43 PM | COMMENCEMENT CIVIL ACTION JURY | SCHAFKOPF, GARY | | 22-JUN-2021 08:19 AM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 21-JUN-2021 12:43 PM | PRAE TO ISSUE WRIT OF SUMMONS | SCHAFKOPF, GARY | | 22-JUN-2021 08:19 AM |
| **Documents:** | Praecipe to Issue Writ of Summons - Raven v Schriender et al 6-21.pdf <br> Writ of Summons -Raven v Schreiner et al.pdf <br> Raven v Schreiner - Additional Defendants for Writ of Summons.pdf | | | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |
| | | | | |
| 21-JUN-2021 12:43 PM | JURY TRIAL PERFECTED | SCHAFKOPF, GARY | | 22-JUN-2021 08:19 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 21-JUN-2021 12:43 PM | WAITING TO LIST CASE MGMT CONF | SCHAFKOPF, GARY | | 22-JUN-2021 08:19 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 23-JUN-2021 12:40 PM | ENTRY OF APPEARANCE | WEISBERG, MATTHEW B | | 23-JUN-2021 02:07 PM |
| **Documents:** | EOA for MBW.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MATTHEW B WEISBERG FILED. (FILED ON BEHALF OF THE R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
| | | | | |
| 09-JUL-2021 11:10 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:10 AM |
| **Documents:** | Affidavit of Service Writ- Rockhall Royalty Company LLC.pdf <br> Exhibit A - Signed Green Card - Rockhall Royalty Company LLC.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON | | | |

| | ROCKHALL ROYALTY COMPANY LLC BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:11 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:13 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | Affidavit of Service Writ- Thunderbird Global.pdf<br>Exhibit A -Signed Green Card - Thunderbird Global.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON THUNDERBIRD GLOBAL BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:12 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:16 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | Affidavit of Service Writ- Middle Run Development Inc.pdf<br>Exhibit A - Signed Green Card - Middle Run Development Inc.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON MIDDLE RUN DEVELOPMENT INC BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:14 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:21 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | Affidavit of Service Writ- Middle Run Development LTD.pdf<br>Exhibit A -Signed Green Card - Middle Run Development LTD.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON MIDDLE RUN DEVELOPMENT LTD BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:16 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:21 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | Affidavit of Service Writ- Michael Schreiner .pdf<br>Exhibit A - Signed Green Card - Michael Schreiner.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON MICHAEL SCHREINER BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:17 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:25 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | Affidavit of Service Writ- Brenda Schreiner .pdf<br>Exhibit A - Signed Green Card - Brenda Schreiner.pdf | | | |

| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON BRENDA SCHREINER BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
|---|---|---|---|---|

| 09-JUL-2021 11:18 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:29 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Brenco Oil Inc.pdf<br>Exhibit A -Signed Green Card - Brenco Oil Inc.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON BRENCO OIL INC BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:20 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:29 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Larry Elkus Esq.pdf<br>Exhibit A - Signed Green Card - Larry Elkus Esq.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LARRY ELKUS BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 09-JUL-2021 11:21 AM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 09-JUL-2021 11:31 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Lancaster Exploration and Development.pdf<br>Exhibit A - Signed Green Card - Lancaster Exploration and Development Co LLC.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LANCASTER EXPLORATION AND DEVELOPMENT COMPANY LLC BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 12-JUL-2021 03:31 PM | SHERIFF'S SERVICE | SCHAFKOPF, GARY | | 12-JUL-2021 03:32 PM |
|---|---|---|---|---|
| **Documents:** | Lycoming Sheriff Affidavit of Service - Chief Exploration and Development.pdf | | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON CHIEF EXPLORATION AND DEVELOPMENT BY SHERIFF OF LYCOMING COUNTY ON 07/07/2021. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 12-JUL-2021 03:42 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 12-JUL-2021 03:44 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Appalachian Basin CPAs Inc.pdf<br>Exhibit A - Signed Green Card -Appalachian Basin CPAs Inc.pdf | | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON APPALACHIAN BASIN CPA'S INC BY CERTIFIED MAIL ON 07/06/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 12-JUL-2021 03:45 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | 12-JUL-2021 03:47 PM |
| **Documents:** | Affidavit of Service Writ- CAS Energy LLC.pdf<br>Exhibit A - Signed Green Card - CAS Energy LLC.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON CAS ENTERGY LLC BY CERTIFIED MAIL ON 07/06/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 12-JUL-2021 03:49 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | 12-JUL-2021 03:49 PM |
| **Documents:** | Affidavit of Service Writ- David T Buele.pdf<br>Exhibit A - Signed Green Card -David T Buele.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON DAVID T BUELE BY CERTIFIED MAIL ON 07/06/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 12-JUL-2021 03:55 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | 12-JUL-2021 03:56 PM |
| **Documents:** | Affidavit of Service Writ- Luther R. Thompson .pdf<br>Exhibit A - Signed Green Card - Luther R. Thompson.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LUTHER R THOMPSON BY CERTIFIED MAIL ON 07/09/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 12-JUL-2021 03:58 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | 12-JUL-2021 04:00 PM |
| **Documents:** | Affidavit of Service Writ- Infinite Strength LLC.pdf<br>Exhibit A - Signed Green Card - Infinite Strength LLC.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON INFINITE STRENGTH LLC BY CERTIFIED MAIL ON 07/07/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 12-JUL-2021 04:01 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | 12-JUL-2021 04:04 PM |
| **Documents:** | Affidavit of Service Writ- Chris Banik.pdf<br>Exhibit A - Signed Green Card -Chris Banik.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON CHRIS | | |

BANIK BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN)

| 12-JUL-2021 04:04 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 12-JUL-2021 04:05 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Cheyenne Oil Gas and Minerals .pdf Exhibit A - Signed Green Card -Cheyenne Oil Gas and Minerals.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON CHEYENNE OIL GAS AND MINERALS LLC BY CERTIFIED MAIL ON 07/03/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 16-JUL-2021 03:28 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 16-JUL-2021 03:28 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Law Offices of Lawrence M Elkus.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LAW OFFICES OF LAWRENCE M ELKUS PC BY CERTIFIED MAIL ON 07/12/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 17-SEP-2021 12:40 PM | LISTED FOR CASE MGMT CONF | | | 17-SEP-2021 12:40 PM |
|---|---|---|---|---|
| **Docket Entry:** | none. | | | |

| 21-SEP-2021 12:30 AM | NOTICE GIVEN | | | 21-SEP-2021 12:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 29-SEP-2021. | | | |

| 24-SEP-2021 04:26 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 27-SEP-2021 09:11 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service Writ- Middle Run Development LLC.pdf Exhibit A - Completed Delivery - Middle Run Development LLC.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON MIDDLE RUN INVESTMENTS LLC BY CERTIFIED MAIL ON 07/09/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 27-SEP-2021 10:02 AM | PRAECIPE TO REISSUE SUMMONS | SCHAFKOPF, GARY | | 27-SEP-2021 10:03 AM |
|---|---|---|---|---|
| **Documents:** | Praecipe to Reissue Writ of Summons - Raven v Schriender et al 9-27.pdf Time Stamped Writ of Summons - Raven v Schreiner et al.pdf | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
| | | | | |
| 29-SEP-2021 02:37 PM | CASE RESCHEDULED BY COURT | SULLIVAN, JOAN | | 29-SEP-2021 02:37 PM |
| **Docket Entry:** | COMPLAINT TO BE FILED. | | | |
| | | | | |
| 29-SEP-2021 02:38 PM | LISTED FOR CASE MGMT CONF | | | 29-SEP-2021 02:38 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 29-SEP-2021 02:38 PM | NOTICE GIVEN | | | 29-SEP-2021 02:38 PM |
| **Documents:** | NOTGV_31.pdf | | | |
| **Docket Entry:** | none. | | | |
| | | | | |
| 29-SEP-2021 02:38 PM | NOTICE GIVEN UNDER RULE 236 | | | 30-SEP-2021 02:27 PM |
| **Docket Entry:** | NOTICE GIVEN ON 30-SEP-2021 OF NOTICE GIVEN ENTERED ON 29-SEP-2021. | | | |
| | | | | |
| 01-OCT-2021 12:29 AM | NOTICE GIVEN | | | 01-OCT-2021 12:29 AM |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 01-NOV-2021. | | | |
| | | | | |
| 01-NOV-2021 12:45 PM | CASE RESCHEDULED BY COURT | GIAMPAOLO, ANTHONY | | 01-NOV-2021 12:45 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 01-NOV-2021 12:46 PM | LISTED FOR CASE MGMT CONF | | | 01-NOV-2021 12:46 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 01-NOV-2021 12:46 PM | NOTICE GIVEN | | | 01-NOV-2021 12:46 PM |
| **Documents:** | NOTGV_36.pdf | | | |

| Docket Entry: | THE CASE MANAGEMENT ORDER ISSUANCE DATE FOR THE ABOVE-CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Friday, December 03, 2021, AFTER WHICH A CASE MANAGEMENT ORDER WILL BE ISSUED BY A CIVIL CASE MANAGER SUBSEQUENT TO A REVIEW OF THE ELECTRONIC COURT RECORD, CIVIL DOCKET, AND CASE MANAGEMENT MEMORANDA. ATTENDANCE BY ALL COUNSEL OF RECORD AND UNREPRESENTED PARTIES IS WAIVED. NO CASE MANAGEMENT CONFERENCE WILL BE HELD IN CITY HALL. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. IF THE CASE SETTLES PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-5135. |
| --- | --- |

| 01-NOV-2021 12:46 PM | NOTICE GIVEN UNDER RULE 236 | | | 01-NOV-2021 02:55 PM |
| --- | --- | --- | --- | --- |
| Docket Entry: | NOTICE GIVEN ON 01-NOV-2021 OF NOTICE GIVEN ENTERED ON 01-NOV-2021. | | | |

| 03-NOV-2021 12:30 AM | NOTICE GIVEN | | | 03-NOV-2021 12:30 AM |
| --- | --- | --- | --- | --- |
| Docket Entry: | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 03-DEC-2021. | | | |

| 05-NOV-2021 10:42 AM | RETURNED MAIL RECEIVED | | | 05-NOV-2021 12:00 AM |
| --- | --- | --- | --- | --- |
| Documents: | MAILR_39.pdf | | | |
| Docket Entry: | RETURNED MAIL ORDER DATED 09/29/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: SCHREINER OIL AND GAS. | | | |

| 09-NOV-2021 03:14 PM | RETURNED MAIL RECEIVED | | | 09-NOV-2021 12:00 AM |
| --- | --- | --- | --- | --- |
| Documents: | MAILR_40.pdf | | | |
| Docket Entry: | RETURNED MAIL ORDER DATED 09/23/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: CHASE ENERGY GROUP LLC. | | | |

| 23-NOV-2021 11:19 AM | RETURNED MAIL RECEIVED | | | 23-NOV-2021 12:00 AM |
| --- | --- | --- | --- | --- |

| | | | | |
|---|---|---|---|---|
| **Documents:** | MAILR_41.pdf | | | |
| **Docket Entry:** | RETURNED MAIL ORDER DATED 09/18/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: SCHREINER OIL AND GAS. | | | |
| | | | | |
| 30-NOV-2021 10:42 AM | RETURNED MAIL RECEIVED | | | **30-NOV-2021 12:00 AM** |
| **Documents:** | MAILR_42.pdf | | | |
| **Docket Entry:** | RETURNED MAIL ORDER DATED 09/29/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: INFINITE STRENGTH LLC. | | | |
| | | | | |
| 03-DEC-2021 09:41 AM | CASE RESCHEDULED BY COURT | LAWLOR, BRIAN | | 03-DEC-2021 09:47 AM |
| **Docket Entry:** | APLF TO FILE COMPLAINT | | | |
| | | | | |
| 03-DEC-2021 09:47 AM | LISTED FOR CASE MGMT CONF | | | 03-DEC-2021 09:47 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 03-DEC-2021 09:48 AM | NOTICE GIVEN | | | 03-DEC-2021 09:48 AM |
| **Documents:** | CLNGV_45.pdf | | | |
| **Docket Entry:** | THE CASE MANAGEMENT ORDER ISSUANCE DATE FOR THE ABOVE-CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Monday, December 27, 2021, AFTER WHICH A CASE MANAGEMENT ORDER WILL BE ISSUED BY A CIVIL CASE MANAGER SUBSEQUENT TO A REVIEW OF THE ELECTRONIC COURT RECORD, CIVIL DOCKET, AND CASE MANAGEMENT MEMORANDA. ATTENDANCE BY ALL COUNSEL OF RECORD AND UNREPRESENTED PARTIES IS WAIVED. NO CASE MANAGEMENT CONFERENCE WILL BE HELD IN CITY HALL. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. IF THE CASE SETTLES PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-5135. | | | |
| | | | | |
| 03-DEC-2021 09:48 AM | NOTICE GIVEN UNDER RULE 236 | | | 07-DEC-2021 09:32 AM |

| | | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 07-DEC-2021 OF NOTICE GIVEN ENTERED ON 03-DEC-2021. | | |

| | | | |
|---|---|---|---|
| 07-DEC-2021 12:27 AM | NOTICE GIVEN | | 07-DEC-2021 12:27 AM |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 27-DEC-2021. | | |

| | | | |
|---|---|---|---|
| 20-DEC-2021 04:12 PM | PRAECIPE TO REISSUE SUMMONS | SCHAFKOPF, GARY | 20-DEC-2021 04:19 PM |
| **Documents:** | Praecipe to Reissue Writ of Summons - Raven v Schriender et al 12-20-21.pdf Time Stamped Reissued Writ of Summons 9-27-21.pdf | | |
| **Docket Entry:** | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | |

| | | | |
|---|---|---|---|
| 30-DEC-2021 10:40 AM | WAITING TO LIST RULE DATE | LAWLOR, BRIAN | 30-DEC-2021 10:41 AM |
| **Docket Entry:** | NO COMPLAINT | | |

| | | | |
|---|---|---|---|
| 03-JAN-2022 09:44 AM | LISTED RULE RETURNABLE DATE | | 03-JAN-2022 09:44 AM |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 03-JAN-2022 09:44 AM | RULE ISSUED | COHEN, DENIS P | 03-JAN-2022 12:00 AM |
| **Documents:** | RLFIS_51.pdf | | |
| **Docket Entry:** | A RULE IS HEREBY ISSUED UPON PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT. A RULE RETURNABLE WEDNESDAY, FEBRUARY 9TH 2022 AT 2:30 P.M. IN ZOOM VIRTUAL COURTROOM 480, BEFORE THE HONORABLE DENIS P. COHEN. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR UNLESS THE CASE IS SETTLED OR WITHDRAWN, IN WHICH CASE COUNSEL MUST NOTIFY THE COURT IMMEDIATELY IN WRITING. ... BY THE COURT: COHEN, J. 01/03/22 | | |

| | | | |
|---|---|---|---|
| 03-JAN-2022 09:44 AM | ORDER ENTERED/236 NOTICE GIVEN | COHEN, DENIS P | 03-JAN-2022 12:00 AM |
| **Documents:** | ORDER_52.pdf | | |
| **Docket Entry:** | PURSUANT TO PARAGRAPH 3 OF ADMINISTRATIVE ORDER, AMENDED NO. 33 OF 2020, DATED MAY 21, 2020, THIS MATTER IS SCHEDULED FOR A | | |

| | PROCEEDING USING ZOOM VIDEO CONFERENCING SERVICES ON FEBRUARY 9TH 2022 AT 2:30 P.M. THE PROCEEDING IS LIMITED TO ORAL ARGUMENT ON THE RULE TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT IN THE ABOVE CAPTIONED MATTER. ... BY THE COURT: COHEN, J. 01/03/22 | | | |
|---|---|---|---|---|
| 03-JAN-2022 09:44 AM | NOTICE GIVEN UNDER RULE 236 | | | 04-JAN-2022 05:45 PM |
| **Docket Entry:** | NOTICE GIVEN ON 04-JAN-2022 OF RULE ISSUED ENTERED ON 03-JAN-2022. | | | |
| 14-JAN-2022 03:07 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 14-JAN-2022 03:20 PM |
| **Documents:** | Affidavit of Service Writ - Shreiner Oil and Gas.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON SCHREINER OIL AND GAS BY PERSONAL SERVICE ON 12/23/2021 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
| 20-JAN-2022 11:27 AM | ENTRY OF APPEARANCE | BIBIKOS, GEORGE A | | 20-JAN-2022 11:28 AM |
| **Documents:** | Chief - Raven - Bibikos Appearance.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF GEORGE A BIBIKOS FILED. (FILED ON BEHALF OF CHIEF EXPLORATION AND DEVELOPMENT) | | | |
| 24-JAN-2022 12:52 PM | ENTRY OF APPEARANCE | MCKEON, KEVIN J | | 24-JAN-2022 12:53 PM |
| **Documents:** | KJM EOA_Phila CCP 1.24.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF KEVIN J MCKEON FILED. (FILED ON BEHALF OF LANCASTER EXPLORATION AND DEVELOPMENT COMPANY LLC, LAW OFFICES OF LAWRENCE M ELKUS PC, LARRY ELKUS AND ROCKHALL ROYALTY COMPANY LLC) | | | |
| 03-FEB-2022 01:49 PM | COMPLAINT FILED NOTICE GIVEN | SCHAFKOPF, GARY | | 03-FEB-2022 01:54 PM |
| **Documents:** | Complaint - Raven v Schreiner et al.pdf Attorney Verification - DB.pdf Exh A Raven Complaint.pdf Exh B Raven Complaint.pdf Exh C Raven Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 07-FEB-2022 01:29 PM | WAITING TO LIST CASE MGMT CONF | COHEN, DENIS P | | 07-FEB-2022 01:30 PM |
|---|---|---|---|---|
| **Docket Entry:** | RULE DISSOLVED. RULE HEARING CANCELLED. COMPLAINT FILED ON 02/03/22 | | | |

| 07-FEB-2022 02:06 PM | LISTED FOR CASE MGMT CONF | | | 07-FEB-2022 02:06 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 09-FEB-2022 12:30 AM | NOTICE GIVEN | | | 09-FEB-2022 12:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 16-FEB-2022. | | | |

| 11-FEB-2022 01:34 PM | CASE MGMT CONFERENCE COMPLETED | LAWLOR, BRIAN | | 11-FEB-2022 01:34 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 11-FEB-2022 01:34 PM | CASE MANAGEMENT ORDER ISSUED | | | 11-FEB-2022 01:34 PM |
|---|---|---|---|---|
| **Documents:** | CMOIS_62.pdf | | | |
| **Docket Entry:** | CASE MANAGEMENT ORDER COMPLEX TRACK - AND NOW, 11-FEB-2022, it is Ordered that: 1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 01-MAY-2023. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 05-JUN-2023. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 03-JUL-2023. 5. All pre-trial motions shall be filed not later than 03-JUL-2023. 6. A settlement conference may be scheduled at any time after 07-AUG-2023. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 02-OCT-2023. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:(a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;(b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;(c) A list of all exhibits the party intends to offer into evidence. | | | |

All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;(f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 06-NOV-2023, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: DENIS COHEN, J.

| 11-FEB-2022 01:34 PM | LISTED FOR SETTLEMENT CONF | | | 11-FEB-2022 01:34 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 11-FEB-2022 01:34 PM | LISTED FOR PRE-TRIAL CONF | | | 11-FEB-2022 01:34 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 11-FEB-2022 01:34 PM | LISTED FOR TRIAL | | | **11-FEB-2022 01:34 PM** |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 11-FEB-2022 01:34 PM | NOTICE GIVEN UNDER RULE 236 | | | 14-FEB-2022 02:27 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 14-FEB-2022 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 11-FEB-2022. | | | |

| 11-FEB-2022 03:15 PM | ENTRY OF APPEARANCE | BERLIN, DAVID A | | 11-FEB-2022 03:22 PM |
|---|---|---|---|---|
| **Documents:** | EOA for DAB.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF DAVID A BERLIN FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 16-FEB-2022 04:31 PM | RETURNED MAIL RECEIVED | | | 16-FEB-2022 12:00 AM |
|---|---|---|---|---|
| **Documents:** | MAILR_68.pdf | | | |

| Docket Entry: | RETURNED MAIL NOTICE OF RESCHEDULING DATED 12/27/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: INFINITE STRENGTH LLC. | | | |
|---|---|---|---|---|
| | | | | |
| 17-FEB-2022 11:38 AM | ENTRY OF APPEARANCE | NAKONECHNI, PETER | | 17-FEB-2022 11:46 AM |
| Documents: | Entry of Appearance - PMN.pdf<br>Entry of Appearance - EJH.pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF PETER NAKONECHNI FILED. (FILED ON BEHALF OF BRENCO OIL INC, BRENDA SCHREINER AND MICHAEL SCHREINER) | | | |
| | | | | |
| 18-FEB-2022 11:17 AM | WITHDRAWAL/ENTRY OF APPEARANCE | TROY, PAUL C | | 18-FEB-2022 11:24 AM |
| Documents: | WOA_of_McKeon___EOA_of_PCT_and_TJZ_for_Defts_Elkus.pdf | | | |
| Docket Entry: | WITHDRAWAL OF APPEARANCE OF KEVIN J MCKEON AND ENTRY OF APPEARANCE OF PAUL C TROY AND THOMAS J ZIMMERMAN FILED. (FILED ON BEHALF OF LAW OFFICES OF LAWRENCE M ELKUS PC AND LARRY ELKUS) | | | |
| | | | | |
| 23-FEB-2022 03:58 PM | NOT OF REMOVAL TO US DIST CT | TROY, PAUL C | | 23-FEB-2022 04:19 PM |
| Documents: | Praecipe_to_File_w_State_Court.pdf | | | |
| Docket Entry: | NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 2:22-CV-00692. (FILED ON BEHALF OF LAW OFFICES OF LAWRENCE M ELKUS PC AND LARRY ELKUS) | | | |
| | | | | |
| 01-MAR-2022 03:54 PM | RECORD MAILED/TRANSMITTED | | | 01-MAR-2022 12:00 AM |
| Docket Entry: | RECORD MAILED TO U.S. DISTRICT COURT, SENT UNDER UPS# 1Z 5E3 003 03 2112 6254. | | | |
| | | | | |
| 04-MAR-2022 12:25 PM | REMANDED BY US DISTRICT COURT | | | 04-MAR-2022 12:00 AM |
| Documents: | RMUSC_73.pdf | | | |
| Docket Entry: | IN RE: 2:22-CV-00692 STIPULATION FOR REMAND IS GRANTED AND THE CASE IS REMANDED TO THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY. 3-3-22 | | | |
| | | | | |
| 04-MAR-2022 02:29 PM | LISTED FOR SETTLEMENT CONF | | | 04-MAR-2022 02:29 PM |

| Docket Entry: | *none.* | | | |
|---|---|---|---|---|
| | | | | |
| 04-MAR-2022 02:29 PM | LISTED FOR PRE-TRIAL CONF | | | 04-MAR-2022 02:29 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 04-MAR-2022 02:29 PM | LISTED FOR TRIAL | | | 04-MAR-2022 02:29 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 08-MAR-2022 01:31 PM | ENTRY OF APPEARANCE | LAVER, SETH L | | 08-MAR-2022 03:24 PM |
| Documents: | EOA - Raven v. Buele (SLL).pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF SETH L LAVER AND JASON S KANER FILED. (FILED ON BEHALF OF APPALACHIAN BASIN CPA'S INC AND DAVID T BUELE) | | | |
| | | | | |
| 08-MAR-2022 03:48 PM | ENTRY OF APPEARANCE-CO COUNSEL | KANER, JASON S | | 09-MAR-2022 09:48 AM |
| Documents: | EOA - Raven v. Buele (JSK).pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF JASON S KANER AS CO-COUNSEL FILED. (FILED ON BEHALF OF APPALACHIAN BASIN CPA'S INC AND DAVID T BUELE) | | | |
| | | | | |
| 08-MAR-2022 04:31 PM | NOTICE OF INTENT/PARCP 1042.6 | TROY, PAUL C | | 09-MAR-2022 10:11 AM |
| Documents: | 2022_03_08_30_Day_Notice_re_Non_Pros_for_Cert_of_Merit.pdf | | | |
| Docket Entry: | NOTICE OF INTENT TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATE OF MERIT TO R DESCENDANTS TRUST, MICHAEL RAVEN AND LOYOLA ENERGY LLC. CERTIFICATE OF SERVICE ATTACHED. (FILED ON BEHALF OF LAW OFFICES OF LAWRENCE M ELKUS PC AND LARRY ELKUS) | | | |
| | | | | |
| 09-MAR-2022 10:17 AM | NOTICE OF INTENT/PARCP 1042.6 | LAVER, SETH L | | 09-MAR-2022 11:13 AM |
| Documents: | Raven Notice of Intent.pdf | | | |
| Docket Entry: | NOTICE OF INTENT TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATE OF MERIT TO MICHAEL RAVEN AND LOYOLA ENERGY LLC. CERTIFICATE OF SERVICE ATTACHED. (FILED ON BEHALF OF APPALACHIAN BASIN CPA'S INC AND DAVID T BUELE) | | | |

| 09-MAR-2022 12:27 PM | NOTICE OF INTENT/PARCP 1042.6 | TROY, PAUL C | | 09-MAR-2022 12:47 PM |
|---|---|---|---|---|
| **Documents:** | 2022_03_09_Amended_Notice_of_Intention_to_File_Non_Pros_for_Cert_of_Merit.pdf | | | |
| **Docket Entry:** | NOTICE OF INTENT TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATE OF MERIT TO R DESCENDANTS TRUST, MICHAEL RAVEN AND LOYOLA ENERGY LLC. CERTIFICATE OF SERVICE ATTACHED. (FILED ON BEHALF OF LAW OFFICES OF LAWRENCE M ELKUS PC AND LARRY ELKUS) | | | |
| | | | | |
| 10-MAR-2022 03:05 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 10-MAR-2022 03:31 PM |
| **Documents:** | Affidavit of Service Complaint - David T Buele.pdf<br>Exhibit A Signed Green Card - David Buele.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON DAVID T BUELE BY CERTIFIED MAIL ON 03/07/2022 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
| | | | | |
| 10-MAR-2022 03:07 PM | AFFIDAVIT OF SERVICE FILED | SCHAFKOPF, GARY | | 10-MAR-2022 03:32 PM |
| **Documents:** | Affidavit of Service Complaint - Appalachian Basin CPAs Inc.pdf<br>Exhibit A Signed Green Card - Appalachian Basin CPAs Inc.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON APPALACHIAN BASIN CPA'S INC BY CERTIFIED MAIL ON 03/07/2022 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |
| | | | | |
| 14-MAR-2022 04:09 PM | MOT-FOR ADMISSION PRO HAC VICE | HEFFERNAN JR, EDWARD | | 14-MAR-2022 04:11 PM |
| **Documents:** | Order re Motion for Admission PHV of Christopher G. Hamill, Esq. (01330213x7B017).PDF<br>Motion for Admission PHV of Christopher G. Hamill, Esq. (01330214x7B017).PDF<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 57-22032757 RESPONSE DATE 04/04/2022. (FILED ON BEHALF OF BRENCO OIL INC, BRENDA SCHREINER AND MICHAEL SCHREINER) | | | |
| | | | | |
| 15-MAR-2022 12:59 PM | PRELIMINARY OBJECTIONS | NAKONECHNI, PETER | | 16-MAR-2022 10:11 AM |
| **Documents:** | Schreiner - POs to Complaint.pdf<br>Schreiner - Exhibits 1-8 (POs).pdf<br>Schreiner - Memo of Law (POs).pdf<br>Schreiner - Request for Oral Argument (POs).pdf<br>Schreiner - Proposed Order (POs).pdf | | | |
| **Docket Entry:** | 46-22033246 PRELIMINARY OBJECTIONS TO PLAINTIFFS' COMPLAINT FILED. RESPONSE DATE: 04/05/2022 (FILED ON BEHALF OF BRENCO OIL INC, | | | |

BRENDA SCHREINER AND MICHAEL SCHREINER)

| 15-MAR-2022 01:43 PM | NOTICE/PROGRAM DISPUTE FILED | NAKONECHNI, PETER | | 15-MAR-2022 02:45 PM |
|---|---|---|---|---|
| **Documents:** | Notice of Management Program Dispute.pdf<br>Exhibits.pdf<br>Proposed Order (Notice of Mgmt Prgm Dispute).pdf | | | |
| **Docket Entry:** | 45-22033045 RESPONSE DATE 03/22/2022. | | | |

| 16-MAR-2022 10:59 AM | RETURNED MAIL RECEIVED | | | 16-MAR-2022 12:00 AM |
|---|---|---|---|---|
| **Documents:** | MAILR_87.pdf | | | |
| **Docket Entry:** | RETURNED MAIL NOTICE OF RESCHEDULING DATED 11/01/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: CHASE ENERGY GROUP LLC. | | | |

| 16-MAR-2022 11:01 AM | RETURNED MAIL RECEIVED | | | 16-MAR-2022 12:00 AM |
|---|---|---|---|---|
| **Documents:** | MAILR_88.pdf | | | |
| **Docket Entry:** | RETURNED MAIL NOTICE OF RESCHEDULING DATED 12/03/20 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: CHASE ENERGY GROUP LLC. | | | |

| 22-MAR-2022 03:15 PM | MOT-FOR EXTRAORDINARY RELIEF | WEISBERG, MATTHEW B | | 22-MAR-2022 03:17 PM |
|---|---|---|---|---|
| **Documents:** | Motion for Extraordinary Relief.pdf<br>Motion-for-Extraordinary-Relief.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 15-22034515 RESPONSE DATE 04/01/2022. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 24-MAR-2022 02:36 PM | MOTION ASSIGNED | | | 24-MAR-2022 02:36 PM |
|---|---|---|---|---|
| **Docket Entry:** | 45-22033045 NOTICE/PROGRAM DISPUTE FILED ASSIGNED TO JUDGE: PADILLA, NINA W. ON DATE: MARCH 24, 2022 | | | |

| 30-MAR-2022 10:15 AM | ORDER ENTERED/236 NOTICE GIVEN | PADILLA, NINA W | | 30-MAR-2022 10:15 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_91.pdf | | | |

| Docket Entry: | 45-22033045 AND NOW, THIS 30TH DAY OF MARCH 2022, UPON CONSIDERATION OF DEFENDANTS BRENCO OIL, INC., MICHAEL SCHREINER AND BRENDA SCHREINER'S NOTICE OF MANAGEMENT PROGRAM DISPUTE, NO RESPONSE IN OPPOSITION, THE COMPLAINT, THE COURT DOCKET, AND THE COMMERCE PROGRAM CRITERIA, IT HEREBY IS ORDERED THAT THE NOTICE OF MANAGEMENT PROGRAM DISPUTE IS GRANTED AND THIS MATTER SHALL BE TRANSFERRED TO THE COMMERCE PROGRAM. A COMMERCE PROGRAM CASE MANAGEMENT ORDER - COMPLEX TRACK WITH A DISCOVERY DEADLINE OF MAY 1, 2023 SHALL ISSUE FORTHWITH. BY THE COURT: JUDGE PADILLA, S.J., 3/30/2022. |
|---|---|

| 30-MAR-2022 10:15 AM | NOTICE GIVEN UNDER RULE 236 | | | 30-MAR-2022 02:02 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 30-MAR-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 30-MAR-2022. | | | |

| 30-MAR-2022 10:16 AM | TRANSFERRED TO COMMERCE | | | 30-MAR-2022 12:00 AM |
|---|---|---|---|---|
| Docket Entry: | none. | | | |

| 30-MAR-2022 10:19 AM | TRANS. TO JURY COMMERCE COMPLX | | | 30-MAR-2022 12:00 AM |
|---|---|---|---|---|
| Docket Entry: | none. | | | |

| 30-MAR-2022 10:33 AM | REVISED CASE MGMT ORDER ISSUED | | | 30-MAR-2022 12:00 AM |
|---|---|---|---|---|
| Docket Entry: | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 01-MAY-2023. Plaintiff shall submit expert reports not later than 01-MAY-2023. Defendant shall submit expert reports not later than 05-JUL-2023. All pre-trial motions other than motions in limine shall be filed not later than 17-JUL-2023. A settlement conference will be scheduled any time after 02-OCT-2023. A pre-trial conference will be scheduled at any time after 06-NOV-2023. It is expected that this case shall be ready for trial by 04-DEC-2023. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: DENIS COHEN, J. | | | |

| 30-MAR-2022 10:36 AM | REVISED CASE MGMT ORDER ISSUED | | | 30-MAR-2022 12:00 AM |
|---|---|---|---|---|
| Documents: | RVCMO_95.pdf | | | |
| Docket Entry: | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 01-MAY-2023. Plaintiff shall submit expert reports not later than 01-MAY-2023. Defendant shall submit expert reports | | | |

not later than 05-JUL-2023. All pre-trial motions other than motions in limine shall be filed not later than 17-JUL-2023. A settlement conference will be scheduled any time after 02-OCT-2023. A pre-trial conference will be scheduled at any time after 06-NOV-2023. It is expected that this case shall be ready for trial by 04-DEC-2023. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: LEON TUCKER, J.

| 30-MAR-2022 10:36 AM | NOTICE GIVEN UNDER RULE 236 | | | 30-MAR-2022 02:09 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 30-MAR-2022 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 30-MAR-2022. | | | |

| 01-APR-2022 03:22 PM | ANSWER (MOTION/PETITION) FILED | NAKONECHNI, PETER | | 01-APR-2022 03:25 PM |
|---|---|---|---|---|
| Documents: | Brenco Oil - Opposition to Mtn for Extraordinary Relief w_ Cert of Service.pdf<br>Proposed Order to Opposition to Mtn for Extraordinary Relief (01333312x7B017).pdf<br>Motion CoverSheet Form | | | |
| Docket Entry: | 15-22034515 ANSWER IN OPPOSITION OF MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF BRENCO OIL INC, BRENDA SCHREINER AND MICHAEL SCHREINER) | | | |

| 04-APR-2022 02:19 PM | CERTIFICATE OF MERIT | WEISBERG, MATTHEW B | | 04-APR-2022 02:23 PM |
|---|---|---|---|---|
| Documents: | COM- MBW.pdf | | | |
| Docket Entry: | CERTIFICATE OF MERIT AS TO DEFT LAW OFFICES OF LAWRENCE M ELKUS PC, LARRY ELKUS, DAVID T BUELE AND APPALACHIAN BASIN CPA'S INC IS FILED (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 05-APR-2022 09:19 AM | MOTION ASSIGNED | | | 05-APR-2022 09:19 AM |
|---|---|---|---|---|
| Docket Entry: | 15-22034515 MOT-FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE: TUCKER, LEON . ON DATE: APRIL 05, 2022 | | | |

| 05-APR-2022 03:39 PM | EXTRAORDINARY RELIEF/DENIED | TUCKER, LEON | | 05-APR-2022 03:39 PM |
|---|---|---|---|---|
| Documents: | PTEXD_101.pdf | | | |
| Docket Entry: | 15-22034515 AND NOW, THIS 5TH DAY OF APRIL, 2022, UPON CONSIDERATION OF PLAINTIFFS, MICHAEL RAVEN, LOYOLA ENERGY, LLC, AND ELLICOTT, LLC'S MOTION FOR EXTRAORDINARY RELIEF, AND DEFENDANTS, MICHAEL SCHREINER, BRENDA SCHREINER, AND BRENCO OOIL, INC.'S OPPOSITION THERETO, IT IS HEREBY ORDERED AND | | | |

DECXREED THAT PLAINTIFFS' MOTION IS DENIED. IT IS FURTHER ORDERED AND DECREED THAT PLAINTIFFS SHALL FILE AN AMENDED COMPLAINT OR A RESPONSE TO DEFENDANTS' PRELIMINARY OBJECTIONS WITHIN TWENTY (20) DAYS OF DOCKETING THIS ORDER. BY THE COURT: JUDGE TUCKER, 4/5/2022.

| 05-APR-2022 03:39 PM | NOTICE GIVEN UNDER RULE 236 | | | 07-APR-2022 10:40 AM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 07-APR-2022 OF EXTRAORDINARY RELIEF/DENIED ENTERED ON 05-APR-2022. | | | |

| 05-APR-2022 03:56 PM | AMENDED COMPLAINT FILED | WEISBERG, MATTHEW B | | 05-APR-2022 04:06 PM |
|---|---|---|---|---|
| **Documents:** | Raven 1AC.pdf | | | |
| **Docket Entry:** | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF R DESCENDANTS TRUST, LOYOLA ENERGY LLC AND MICHAEL RAVEN) | | | |

| 06-APR-2022 10:35 AM | MOTION ASSIGNED | | | 06-APR-2022 10:35 AM |
|---|---|---|---|---|
| **Docket Entry:** | 57-22032757 MOT-FOR ADMISSION PRO HAC VICE ASSIGNED TO JUDGE: TUCKER, LEON . ON DATE: APRIL 06, 2022 | | | |

| 07-APR-2022 10:49 AM | PRELIM OBJECTIONS-MARKED MOOT | | | 07-APR-2022 10:49 AM |
|---|---|---|---|---|
| **Docket Entry:** | 46-22033246 AMENDED COMPLAINT FILED 04/05/22 | | | |

| 08-APR-2022 09:56 AM | ORDER ENTERED/236 NOTICE GIVEN | TUCKER, LEON | | 08-APR-2022 09:56 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_106.pdf | | | |
| **Docket Entry:** | 57-22032757 IT IS ORDERED THAT THE MOTION OF EDWARD J. HEFFERMAN, ESQ., FOR ADMISSION PRO HAC VICE OF CHRISTOPHER G. HAMILL, ESQ. AND NO RESPONSE THERETO, IS GRANTED. (SEE ORDER) BY THE COURT: JUDGE TUCKER, 4/6/2022. | | | |

| 08-APR-2022 09:56 AM | NOTICE GIVEN UNDER RULE 236 | | | 08-APR-2022 03:47 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 08-APR-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 08-APR-2022. | | | |

| 08-APR-2022 10:00 AM | RETURNED MAIL RECEIVED | | | 08-APR-2022 12:00 AM |
|---|---|---|---|---|
| **Docket Entry:** | RETURNED MAIL ORDER DATED 02/11/22 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: THUNDERBIRD GLOBAL. | | | |

▶Case Description    ▶Related Cases    ▶Event Schedule    ▶Case Parties    ▶Docket Entries

E-Filing System        Search Home        Return to Results

'

Exhibit "I"

**Filing Number: 801563236**

## Texas Franchise Tax Public Information Report

05-102
(Rev.9-11/30)
Comptroller of Public Accounts FORM

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ **Tcode** 13196 Franchise

■ **Taxpayer number**

| 3 | 2 | 0 | 4 | 7 | 2 | 5 | 5 | 7 | 3 | 5 |

■ **Report year**

| 2 | 0 | 1 | 8 |

*You have certain rights* under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381 or (512) 463-4600.

**Taxpayer name** LOYOLA ENERGY LLC

**Mailing address** 2002 TIMBERLOCH PL STE 200

**City** THE WOODLANDS **State** TX **ZIP Code** 77380 **Plus 4**

**Secretary of State (SOS) file number or Comptroller file number** 0801563236

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**

**Principal place of business**

*Please sign below!* Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3204725573518

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | m m | d d | y y |
|------|-------|----------|--|-----|-----|-----|
| MICHAEL L RAVEN | MANAGER | ○ YES | Term expiration | | | |
| **Mailing address** 53wellingwood dr | **City** east amherst | **State** ny | | | **ZIP Code** 14051 | |
| Name | Title | ○ YES | Term expiration | m m | d d | y y |
| **Mailing address** | **City** | **State** | | | **ZIP Code** | |
| Name | Title | ○ YES | Term expiration | m m | d d | y y |
| **Mailing address** | **City** | **State** | | | **ZIP Code** | |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Frackhead LLC | Ohio | | 100.0 |
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*
**Agent:** C T CORPORATION SYSTEM

○ Blacken circle if you need forms to change the registered agent or registered office information.

**Office:** 1999 BRYAN ST., STE. 900 **City** DALLAS **State** TX **ZIP Code** 75201

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| **sign here** Michael l Raven | **Title** Electronic | **Date** 10-11-2018 | **Area code and phone number** ( 216 ) 337 - 1210 |

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |

Exhibit "J"

**Form 201**

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
For-Profit Corporation**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 801709345 12/31/2012
Document #: 459299170007
Image Generated Electronically
for Web Filing**

## Article 1 - Entity Name and Type

The filing entity being formed is a for-profit corporation. The name of the entity is:

**Ellicott, Inc.**

The name must contain the word "corporation," "company," "incorporated," "limited," or an abbreviation of one of these terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

## Article 2 – Registered Agent and Registered Office

☐A. The initial registered agent is an organization (cannot be corporation named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Tanya   Streit**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**9600 Great Hills Trail, Suite 150W.   Austin TX 78759**

## Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

## Article 3 - Directors

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are set forth below:

Director 1: **Michael   I  Raven**

Address: **10101 Southwest Freeway, Suite 400   Houston TX, USA  77074**

## Article 4 - Authorized Shares

The total number of shares the corporation is authorized to issue and the par value of each of such shares, or a statement that such shares are without par value, is set forth below.

| Number of Shares | Par Value (must choose and complete either A or B) | Class | Series |
|---|---|---|---|
| **10000** | ☑ A. has a par value of **$.0001** <br> ☐ B. without par value. | | |

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, and the par value (or statement of no par value), of each class. If shares of a class are to be issued in series, you must provide the designation of each series. The preferences, limitations, and relative rights of each class or series must be stated in space provided for supplemental information.

## Article 5 - Purpose

The purpose for which the corporation is organized is for the transaction of any and all lawful business for which corporations may be organized under the Texas Business Organizations Code.

## Supplemental Provisions / Information

[The attached addendum, if any, is incorporated herein by reference.]

**Effectiveness of Filing**

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Organizer**

The name and address of the organizer is set forth below.

**Tanya K. Streit        9600 Great Hills Trail, Suite 150W., Austin, TX 78759**

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Tanya K. Streit**

Signature of organizer

**FILING OFFICE COPY**

Exhibit "K"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL RAVEN, | : | |
| LOYOLA ENERGY, LLC, and | : | |
| ELLICOTT, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:22-cv-00692-MAK |
| MICHAEL AND BRENDA SCHREINER, | : | |
| BRENCO OIL, INC., | : | |
| LARRY ELKUS, ESQ. d/b/a LAW OFFICE OF | : | |
| LAWRENCE M. ELKUS, P.C., | : | |
| LAW OFFICE OF LAWRENCE M. ELKUS, P.C., | : | |
| LANCASTER EXPLORATION AND | : | |
| DEVELOPMENT CO., LLC, | : | |
| DAVID T. BUELE, C.P.A. d/b/a APPALACHIAN | : | |
| BASIN CPA'S, INC., | : | |
| APPALACHIAN BASIN CPA'S, INC., and | : | |
| CHIEF EXPLORATION AND DEVELOPMENT, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF LAWRENCE M. ELKUS, ESQUIRE

I, Lawrence M. Elkus, Esquire, do hereby declare and verify as follows:

1.      I am an adult citizen of the State of Michigan.

2.      I am licensed as an attorney in the State of Michigan, License No. P31226.

3.      My law office, Law Office of Lawrence M. Elkus, P.C. (the "Firm"), is a party to this lawsuit.

4.      The Firm is registered as a Professional Corporation incorporated under the laws of the State of Michigan.

5.      The Firm's principal place of business is in Michigan.

6.      The Firm's mailing address is P.O. Box 251145, West Bloomfield, Michigan 48325.

7.    I am the sole shareholder of the Firm and am authorized to make this declaration on its behalf.

8.    I am also familiar with Defendant, Lancaster Exploration and Development Co., LLC, a Michigan limited liability company ("Lancaster"), a party to this lawsuit.

9.    Lancaster is organized as a Limited Liability Company under the laws of the State of Michigan.

10.    Including myself, Lancaster has two members, both of whom are residents and citizens of the State of Michigan.

11.    Lancaster's principal place of business is in Michigan.

12.    Lancaster's mailing address is P.O. Box 251145, West Bloomfield, Michigan, 48325.

13.    I am authorized to make this declaration on Lancaster's behalf.

14.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Date: _Feb 28, 2022_        By: _____

Lawrence M. Elkus, Esquire

2

Exhibit "L"

MICHAEL AND BRENDA SCHREINER,

Plaintiffs,

v.

BRENCO OIL. INC..
LARRY ELKUS, ESQ. d/b/a LAW OFFICE OF
LAWRENCE M. ELKUS. P.C..
LAW OFFICE OF LAWRENCE M. ELKUS, P.C.,
LANCASTER EXPLORATION AND
DEVELOPMENT CO., LLC,
DAVID T. BUELE, C.P.A. d/b/a APPALACHIAN
BASIN CPA'S, INC.,
APPALACHIAN BASIN CPA'S, INC., and
CHIEF EXPLORATION AND DEVELOPMENT,

Defendants.

CIVIL ACTION NO.
2:22-cv-00692-MAK

## DECLARATION OF DAVID T. BUELE

I, David T. Buele, do hereby declare and verify as follows:

1.  I am an adult resident and citizen of the State of Ohio.

2.  I serve as the President of Defendant, Appalachian Basin CPA's, Inc. ("ABC"), and am authorized to make this declaration on its behalf.

3.  ABC is registered as a Corporation under the laws of the State of Ohio.

4.  ABC's principal place of business is in Ohio.

5.  ABC's mailing address is 213 Market Avenue North, Canton, Ohio 44702.

6.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Date: 2/28/22        By: _____

David T. Buele

Exhibit "M"

| From: | Laver, Seth L. |
|---|---|
| To: | Thomas Zimmerman |
| Cc: | Kevin McKeon; Kaner, Jason S.; Paul C. Troy |
| Subject: | RE: Raven v. Elkus et al. - Consent to Removal |
| Date: | Wednesday, April 20, 2022 2:38:00 PM |
| Attachments: | image001.png |

Confirmed. Thanks, Tom. We consent to remove.

**Seth L. Laver, Esq.** | **Partner**

1700 Market Street, Suite 1418 | Philadelphia, PA 19103-3907
MAIL PO Box 360, Buffalo, NY 14201
DIRECT 267.519.6877 | EXT 6877 | FAX 267.519.6801 | MOBILE 267.258.7668
slaver@goldbergsegalla.com | Biography
goldbergsegalla.com
Goldberg Segalla LLP



Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.

Exhibit "N"

| **From:** | Kevin McKeon |
| **To:** | Laver, Seth L.; Thomas Zimmerman |
| **Cc:** | Kaner, Jason S.; Paul C. Troy |
| **Subject:** | RE: Raven v. Elkus et al. - Consent to Removal |
| **Date:** | Wednesday, April 20, 2022 2:46:10 PM |
| **Attachments:** | image001.png |

Tom,

Lancaster consents to remove.